## Davies *against* Gibson.

### Error *to Chicot Circuit Court.*

In order to reverse a judgment for erroneous overruling by the court below of a motion to dismiss for want of a bond for costs, the non-residence of the plaintiff must be established by the record.

Such a motion cannot be made after a defence in bar is interposed.

Where the record states that the defendant " demurred to the plaintiff's declaration;" but no written demurrer appears on the record, nor are any special causes of demurrer set forth, although the court was not bound to receive such a demurrer and admit it upon the record; still, if placed on the record, it is equivalent to a declaration of the defendant, made in open court, that he will go no further in the case, because his adversary has not shown sufficient matter against him.

And when admittted on the record, the court is bound to regard it as a general demurrer.

But such a statement on the record as to the pleading of any matter of fact required by law to be specially pleaded, would be disregarded.

A joinder in demurrer is mere matter of form, and may be filed at any time; and, therefore, where the defendant demurred to the declaration, to which demurrer the plaintiff filed no joinder, and the court gave judgment for the plaintiff without regarding the demurrer, it must be presumed that the court overruled the demurrer, and adjudged the declaration sufficient in law.

If the final judgment rendered, is, upon the whole record, authorized by law, no court exercising appellate jurisdiction over the subject, will reverse or disturb it, though errors and irregularities in the previous proceedings, not affecting the merits of the case, may appear in the record.

If, therefore, the proceedings as to the demurrer in this case were irregular, or even illegal, and if no direct adjudication was ever made upon it; still if a good cause of action, stated in legal form, appears upon the declaration, the defendant below could not have been prejudiced by such irregularity, illegality or omission, and therefore can derive no benefit therefrom, to the injury of the other party, and against the justice of the case.

The provisions in the Revised Statutes, in regard to demurrers and amendments after demurrer, do not essentially differ from those contained in *St.* 27 *Eliz.* and 4 & 5 *Anne,* taken together, and the adjudications upon the latter will generally apply to such cases as arise under the former.

The party demurring is required specially to express in his demurrer the particular defect or imperfection which vitiates the pleading; and is prohibited from so expressing in his demurrer any matter which is only cause of special demurrer at the common law; while it is enjoined upon the court to amend any defect or imperfection not so expressed in the demurrer.

When the pleading, so amended, exhibits sufficient matter to enable the court to give judgment according to the right of the cause, judgment must be given thereupon, without regarding any defect or imperfection in the pleading.

But this general rule is to be understood with this exception, that the court cannot amend as to matters of fact which are not in any manner stated by the parties. When, therefore, the facts stated cannot, under any form of stating them, be made to exhibit a legal cause of action or ground of defence, the court is bound to decide the matter against the party, whose pleading is so defective, because he does not show any legal right to the thing in demand.

The declaration in this case being sufficient, and the defendant not having specified in his demurrer in what particular the pleading is defective, the court cannot regard such defect or imperfection, but is bound to amend the same.

The question therefore of variance between the writing given on oyer, and the declaration, cannot arise in this court.

Davies *against* Gibson.

This was an action of debt, commenced and prosecuted by *Gibson* against *Davies* in the Circuit Court of Chicot county, upon a writing obligatory, which is described in the declaration as the single obliga-tion of the defendant. At the term to which the original writ was returnable, Davies appeared and craved oyer of the supposed writing obligatory in the declaration mentioned, which was granted by filing a copy thereof. The record then states that the defendant by his attorneys demurred to the plaintiff's declaration, " when, on motion of Gibson, the case was continued until the next morning." The re-cord then shows that Davies, on the next day, " moved the court to dismiss this suit for want of sufficient bond for costs having been filed in this case, which was overruled," and without taking any notice of the demurrer previously mentioned, which does not appear to have been withdrawn or joined, or in any manner disposed of by the court, shows a judgment, by *nil dicit*, given against Davies for the debt in the declaration mentioned with interest and costs of suit.

The oyer given as above stated of the obligation sued on is as fol-lows. " $2,000. On or before the first day of February, one thousand eight hundred and thirty-eight, we promise jointly and severally to pay William C. Gibson or order two thousand dollars for value re-ceived. Witness our hands and seals this 15th day of March, 1836.

> W. B. PATTON, [L. S.]
> BEN PATTON by J. Clark [L. S.]
> JOHN CLARK [L. S.]
> A. H. DAVIES [L. S.]

The argument in this case was the same as in *Clark vs. Gibson,* page 110.

RINGO, *Chief Justice,* delivered the opinion of the Court:

The plaintiff, by his assignment of errors to which there is a join-der, questions the decision and judgment of the court, in; 1st. Over-ruling his motion to dismiss the suit, on the ground that no sufficient bond and security for costs was filed by the plaintiff below, at or be-fore the commencement of the suit: 2nd. Giving final judgment for the plaintiff below, without adjudicating upon, or in any manner dis-posing of his demurrer to the declaration: 3d. Giving final judg-

Davies *against* Gibson.

ment for the plaintiff below, his declaration being insufficient in law to warrant or justify such judgment.

The motion to dismiss does not appear to have been supported by any evidence establishing the fact of Gibson's non-residence at the time of the commencement of the suit, and it certainly is not a fact the existence of which the law will presume from any thing contained in the record; besides which, the motion to dismiss appears to have been made after a defence in bar of the action was interposed, and therefore the question in every aspect in which it can be viewed, is within the principle heretofore stated and recognized by this court as applicable to this case, in the case of *Clark vs. Gibson*, decided at the present term, and other cases there cited; therefore, the Circuit Court does not appear to have erred in refusing to dismiss the case on said motion.

The second question presents more difficulty. The record simply states that the defendant " demurred to the plaintiff's declaration," but no demurrer, either formal or informal, is transcribed with the record; and it does not appear that any demurrer specifying or specially setting forth any particular defect or imperfection in the declaration, or any other proceeding in the case, as mentioned in the 60th section of the act regulating the practice of law, approved December 18, 1837, *Rev. Stat. Ark.* 627, which was in force when this proceeding was had, was ever filed or otherwise interposed. Nor does it appear that the court, or the plaintiff below, regarded this statement in the record as a defence to the action, for the latter never joined in it, and the former pronounced final judgment for the plaintiff, without even noticing it. The only rational conclusion appears to us to be that the court regarded this statement in the record as a mere nullity, and not entitled to any consideration whatever, or held the declaration sufficient in law to maintain the plaintiff's action against the defendant, and therefore gave judgment for him notwithstanding the demurrer, and this imposes upon us the necessity of determining whether the record before us shows any defence which the court was bound to notice. *Chitty* in his Treatise on Pleading, says *vol.* 1, *p.* 700, " a demurrer has been defined to be a declaration that the party demurring will go no further, because the other has not shown sufficient mat-

ter against him," and "in point of form no precise words are neces-
sary in a demurrer, and a plea which is in substance a demurrer,
though very informal, will be considered as such; and it is a general
rule that there cannot be a demurrer to a demurrer." 1 *Chit. Plead.*
*p.* 705.    Other definitions not differing in substance or effect, though
stated in different language, may be found, which we do not deem
it necessary to cite in this place, as in our opinion the single term
" demurred," as expressed in the record before us, comprehends as
much as would be comprehended by the language used in defining
the term " demurrer," and must be regarded as equivalent to a decla-
ration of the defendant made in open court, and placed upon the re-
cord of the court, that he will " stay" or " go no further" in the case,
because his adversary has not shown sufficient matter against him; and
as no precise words, or special form are required in a demurrer, and
there can be no demurrer to a demurrer, the court, after the state-
ment had been admitted on the record, was bound to regard it as a
general demurrer to the declaration, notwithstanding it would not, in our
opinion, have constituted such a demurrer as the court was bound to
receive and admit on the record, and the court would have been
completely justified in disregarding and excluding it from the record
altogether in the first instance; and, to prevent misconception on this
subject we will remark here, that when the defence comprises matter
of fact instead of law, such statement or notice of the plea on the
record must, as a general rule, be disregarded.    At least, such would
be the case where the matter of defence relied on must, by law, be
pleaded specially; and, although the demurrer in this case could not
be legally overlooked or disregarded, either by the plaintiff below or
the court, yet inasmuch as the joinder in demurrer is merely matter
of form, and " may be filed at any time," by virtue of the fifth section
of the Statute before cited, *Rev. Stat. Ark.* 627, and as the court
proceeded to give final judgment for the plaintiff below, notwithstand-
standing the demurrer to his declaration, we are bound by law to pre-
sume that the court overruled the demurrer, and adjudged the decla-
ration sufficient in law to entitle the plaintiff to a recovery against the
defendant upon the facts as stated therein.    Otherwise the court could
not legally have given judgment in favor of the plaintiff below, as it

appears to have been given in this case; and this devolves upon us the necessity of considering and determining whether the final judgment as given is, upon the whole record, authorized by law. If it is, the rule is well settled that no court exercising appellate jurisdiction over the subject will reverse or disturb it, though errors and irregularities in the previous proceedings not affecting the merits of the case may appear in the record, and this rule applies with peculiar force to the case under consideration; because, if it be conceded that the proceeding, as to the demurrer, was irregular or even illegal, and that no direct adjudication was ever made upon it; still if a good cause of action, stated in legal form, appears upon the declaration, the defendant below could not have been prejudiced by such irregularity, illegality, or omission; and, therefore, as he is not damnified thereby, the law will not suffer him to derive any advantage therefrom, to the injury of the other party; and against the justice of the case, and this view of the subject accords with the provisions of the 119th section of the Statute above cited, *Rev. Stat. Ark.* 636; and, therefore, the only question remaining to be decided is, whether the declaration is sufficient in law to entitle the plaintiff below, to a recovery upon the facts as therein stated and set forth, notwithstanding the demurrer of the defendant.

The plaintiff in error insists that there is a material variance between the writing obligatory described in the declaration, and the one given on oyer, and that such variance may be taken advantage of by general demurrer to the declaration. The defendant in error contends that the variance, if any, consists only in the omission to mention in the declaration the names of certain persons, by whom the writing obligatory exhibited on oyer, purports to have been sealed, as co-obligors with the plaintiff in error, and as the obligation is several, as well as joint, there is no misdescription of it in the declaration, and that the non-joinder of the co-obligors must be taken advantage of by plea in abatement, if it can be taken advantage of in any manner; but it is not, and never was ground of demurrer to the declaration. To determine this question correctly, it is necessary before we apply to it the rules and principles of the common law, to ascertain the operation and effect of the statutory provisions in force, when the demurrer was interposed and final judgment rendered in the case. The 60th section

of the Statute before cited, *Rev. Stat. Ark.* 627, declares that " when any demurrer shall be filed in any action, and issue joined therein, the court shall proceed and give judgment according as the very right of the cause and matter in law shall appear, without regarding any defect or other imperfections in any process or pleading, so that sufficient appear in the pleadings to enable the court to give judgment according to the very right of the cause; unless such defect or imperfection be specially expressed in the demurrer, but no defect or imperfection shall be set out in any demurrer, that would only be cause of special demurrer at common law." And the 61st section of the Statute provides that " if a demurrer be filed in any action, the court shall amend every such defect or other imperfection in any process or pleading in the preceding section mentioned, other than those which the party demurring shall express in his demurrer." These provisions do not essentially differ from those contained in *Stat.* 7 *Eliz.* 5, *and Anne* 4 & 5; *Anne* 16, taken together; and therefore adjudications upon the latter, will generally apply to such cases as arise under the former; for their general object and design is the same; that is, to simplify the proceedings and pleadings in actions at law, by disregarding and amending all objections thereto, which are only calculated to subvert justice, or to embarrass or delay the final adjudication of the matter; yet requiring the parties to set forth in their proceedings and pleadings respectively, enough to enable the court to adjudicate the matter according to law and the very right of the cause; or, in other language, to award to each litigant his legal right as it regards the matter under adjudication; but to prevent surprise, and disembarrass legal proceedings of every exception, not affecting the real merits of the case. The party demurring is required to express in his demurrer specially, the particular defect or imperfection in the case presented by his adversary, which, as he conceives, vitiates the proceeding or pleading demurred to, and he is expressly prohibited from so expressing in his demurrer any matter which is only cause of special demurrer at common law, while it is enjoined upon the court to amend every defect or imperfection in the process or pleading which the party demurring does not so express in his demurrer. And when the pleading so amended exhibits sufficient matter to enable the court to

Davies *against* Gibson.

give judgment according to the very right of the cause, judgment must be given thereupon, without regarding any defect or other imperfection in the process or pleading. But this general rule as prescribed by the statute in order to carry into complete effect the paramount object and design of the law as before stated, as well as to prevent it from depriving parties of their legal rights, instead of assisting them in the investigation to ascertain them, must be understood with this exception, that the court cannot amend as to matters of fact, which are not in any manner stated by the parties, because it is a universal maxim that the law never requires of any person an impossibility, and the court cannot by possibility know what facts do, or do not exist, and therefore, when the facts stated, cannot under any form of stating them, be made to exhibit a legal cause of action, or ground of defence, the pleading cannot be maintained, notwithstanding this particular defect is not specially expressed in the demurrer; and the court, in enforcing the law, by proceeding to give "judgment, according as the very right of the cause and matter in law shall appear" is bound to decide the matter against the party, whose pleading is so defective, because he does not show any legal right to the thing in demand, and the Legislature cannot be presumed to have intended to establish a rule by which the estate of one person shall be adjudged to another, who cannot exhibit and establish a paramount legal right to it; because such act would be not only contrary to natural justice, but to the whole spirit of our institutions; and such would, in our opinion, be the effect of the general rule as prescribed by the statute, without the exception before stated, which is fully authorized and clearly indicated upon the face of the statute itself, which requires that sufficient shall appear in the pleadings to enable the court to give judgment according to the very right of the cause; and, therefore, according to the letter as well as the principal object and design of the statute, when sufficient does not so appear, judgment must be given against the party whose legal right to the matter under adjudication is not shown by the pleadings.

Having thus ascertained the rule by which the case is to be determined, we have only to apply it to the case before us, and discover whether the plaintiff below has stated and set forth in his pleading

16

such facts, as in any form in which they can be presented, legally entitle him to a recovery against the defendant.

The declaration states with a profert, a writing obligatory of the defendant, bearing date on the 15th day of March, 1836, by which he bound himself to pay to the plaintiff, on or before the first day of February, 1838, the sum of $2,000; and alleges that the same remains wholly unpaid by the defendant. These facts are sufficient in law to entitle the plaintiff below to a recovery of that sum, with interest, of the defendant, and they are all pleaded in the declaration with ample certainty, and in strictly legal form; but if they were not so pleaded, the defendant below has omitted to specify in his demurrer in what particular, if any, the pleading is defective or imperfect, and therefore the court is not at liberty to regard such defect or imperfection, but is bound by law to amend the same and give judgment according to the very right of the cause, as the Circuit Court in this case appears to have done.

Wherefore, in the opinion of this court, there is no error in the proceeding and judgment of the Circuit Court of Chicot county, in this case, for which the same ought to be reversed; and therefore the said judgment is hereby in all things affirmed with costs.