## Gerard N. Causin vs. Creed Taylor.

A note payable on demand, bears interest from date.

In declaring on a note, expressed on the face to bear legal interest, it is not error, after judgment by default, that the breach in the declaration does not negative payment of the interest.

It is not error that the declaration and writ are against *Gerard N. Causin*, and judgment against *G. N. Causin*.

This was an action of debt, determined in Jefferson Circuit Court, in April, 1841, before the Hon. Isaac Baker, one of the circuit judges.   It was founded on a note executed by Causin, payable on demand, with legal interest thereon till paid.   Declaration and writ against Gerard N. Causin.   Judgment against G. N. Causin, for debt,

Causin *vs.* Taylor.

and interest from the date of the note, as damages, by default. There being an excess of two dollars in the calculation of damages, it was remitted, in this Court.

*W. & E. Cummins*, for plaintiff in error. There is no sufficient breach alleged. The contract is express to pay interest, and there is no allegation of non-payment of the interest, though judgment by default is taken for the entire interest accrued. It can make no difference, that the contract was to pay the legal rate of interest. The rule is universal, that where an express contract, in writing, is declared on, the breach must be as broad as the contract. See *Saund. Pl. & Ev.* vol. 1, *p.* 133 *to* 136.

At the common law, it was usual to aver a special demand in suits upon notes payable on demand; but the practice has changed, and the institution of suit is deemed a sufficient demand to sustain the action; and, upon every principle of law, the interest should run only from the institution of the suit. *Lewis vs. Lewis*, 2 *Hay.* 32. *Freeland vs. Edwards*, 2 *Hay.* 49. *Cannon vs. Beggs*, 1 *McCord*, 370.

The declaration and writ sent up in this case, ought not, perhaps, to be regarded as part of the record, and the judgment by default should be regarded as having been taken without writ or declaration.

The judgment is improperly entered against the defendant below, by a description and style not set out in the declaration, and in violation of the statute. *Rev. St., Chap.* 45, *sec.* 18.

*Hempstead & Johnson,* contra.

*By the Court,* RINGO, C. J. Every question presented by the record and assignment of errors, is within some of the principles adjudged by this Court, in either the case of *Pullen vs. Chase, ante,* or *Davies vs. Gibson,* 2 *Ark.* 115; and, according to the judgment of this Court, then expressed and still entertained, they must be, respectively, determined against the plaintiff in error.

Judgment affirmed, except as to the $2 remitted, with costs.