Johnson, C'.. J., delivered the opinion of the court. The. plaintiffs in error have presented but one question for the consideration and decision of this court. The question is, did the eoqrt below err in sustaining the defendant’s demurrer to the plaintiff’s declaration? The 60th section of chapter 116, of the Revised Statutes of Arkansas, declares, that “when any demurrer shall be filed in any action, and issue joined thereon, the court shall proceed and give judgment according as the very right of the- cause and matter in law shall appear, without regarding any defect or other imperfection in any process or pleading, so that sufficient appear in the pleadings to enable the court to give judgment according to the very right of the cause, unless such defect or imperfection be specially expressed in the demurrer; but no such defect or imperfection shall be set out in any demurrer that would only be cause of special demurrer at common law.” And the 6'lst section, of the same act, further provides, that, “if a demurrer be filed in. any action, the court shall amend every such defect or other imperfection in any process or pleading in the preceding section mentioned, other than those which the party demurring shall express in his demurrer. It was ruled by this court in the ease of Davies vs. Gibson, 2 Ark. Rep. 115, “that this general rule,, as prescribed by the statute in order to carry into complete effect the paramount-object and design of the law as before stated, as well, as to prevent it from depriving parties of their legal rights, instead of assisting; them in the investigation to ascertain them, must be understood with this exception, that the court cannot amend as to matters of fact, which are not in any manner stated by the parties, because it is a universal maxim that the law never requires of any person an impossibility, and the court cannot by possibility know what facts do, or do not exist, and, therefore, when the facts stated cannot,, under any form of stating them, be made to exhibit a legal cause of action or ground of defence, the pleading-cannot be maintained,notwithstanding this párticular defect is not specially expressed in the demurrer; and the court, in enforcing the law, by proceeding to give judgment according as the very right of the cause and matter in law shall appear, is bound to decide the matter against the1 party whose pleading is so defective; because he does not show any legal right to the thing in demand.” This construction is fully sustained, as well by principles of natural justice as by the plain and obvious intent of the act itself. The statute requires the court to “proceed and give judgment according as the very right of the cause' and matter in law shall appear, so that sufficient appear in the pleadings to enable the court to give judgment according to the very right of the cause.” The demurrer in this case cannot be said to contain any specification whatever. To demur for a variance between the instrument declared upon, and the one given on oyer, is not such a special pointing out of the- causes of demurrer as is contemplated by the law. It is'also necessary to show wherein the variance consists. When it is necessary to demur specially it is not sufficient that the demurrer be, because there is a variance, but it must be shown specially in what point in particular the variance consists: and so, it has been said, the statutes oblige the party demurring to lay Ms finger upon the very point. The object of the legislature'in requiring the defendant to express specially his causes of demurrer, was that the plaintiff, in the exercise of a sound discretion, might elect either to join in demurrer, or amend, or discontinue his action. Oyer granted is part of the previous pleading, and the plaintiffs are bound by it, so long as it remains Of record in the case, and the defendant can avail himself of any defect or imperfection manifest upon, or produced by it. When oyer of the instrument was given, it became a part of the pleadings, and if the defendant desired to object for a ..variance between the instrument declared upon, and •the -one given on oyer, he should- have specially pointed out the objection in* his demurrer. The declaration might then have been amended on such terms as the court should have deemed just and proper. But the defendant having failed to point out specially his objection, has thereby waived any misdescription of the instrument given on oyer. Such being the view of the law taken by the court, the decision must necessarily turn upon the question whether the plaintiffs have stated 'and, set forth in their pleading such facts as, in any form in which.they can be presented, legally entitle them to a recovery against the defendant. The plaintiffs have declared with a profert upon a writing obligatory, dated on the- 16th of October, 1841, whereby the defendant, together with one Clabourn Ake, bound themselves to pay to the plaintiffs, as administrators of the estate of Joseph Cravens deceased, the sum of one hundred and fourteen dollars and forty-three cents, with ten per cent, interest from the 18th of March, 1841, till paid., and alleged that the same remains .unpaid. These facts are clearly sufficient in law to entitle the plaintiffs to recover that sum with interest of the defendant, and they are pleaded 'with sufficient certainty; but if they were not so pleaded, the defendant has waived any defect, or imperfection in the. pleading, since he has wholly omitted to specify in his demurrer, in what particular, if any, such defect or imperfection consists. The court, therefore, is not authorized to regard such defect or imperfection, but is required by law to amend the same, and give judgment according to the very right of-the cause, as the circuit court in this case ought,to have done. Judgment reversed.