Walker, J. This is an action of covenant commenced in the Jackson circuit court. The defendant appeared and filed three pleas: the first, on motion, was stricken out: the second, demurred to: and issue to the third, which was a plea of payment. The court decided that the plea demurred to was defective, but that the declaration was also defective, and gave judgment on the demiu’rer for the defendant. The plaintiff, on leave, filed an amended declaration. On petition of the defendant the venue was ordered to be changed to the county of Lawrence. At the next term of the Lawrence circuit court, there was found on file in said court a transcript certified by the clerk of the Jackson circuit court, to be a full transcript of the record in the case ; there was, however, no seal to the transcript. The original papers were not transmitted. The case having been docketed the defendant moved to dismiss the suit, because the court had no sufficient record of the case before it to authorize said court to take jurisdiction of and try the case. The motion was overruled by the court, and exceptions filed preserving the whole of the transcript transmitted from the Jackson to the Lawrence circuit court. The defendant made no further appearance; a jury was sworn to try the issue joined, and found a verdict for plaintiff: — -judgment thereon for plaintiff. The case comes up on writ of error, and the first question assigned for error is, that, during the pendency of this cause in the Jackson circuit court, the Hon. Joseph M. Hoge, who, it is assumed, was incompetent to preside in said court, did preside therein, and take jurisdiction of this case. This objection we think entitled to but little consideration. Nothing more was done with the case in the court below than to continue it at the instance of the defendant, whose rights are presumed to have been protected rather than impaired by the action of the court. Suppose, however, that there was, in fact, no competent court sitting, the case would have continued by operation of law. The result then, in either event, would have been the same. The circuit court erred in overruling the motion of the defendant to dismiss the case. Before the circuit court of Lawrence county could exercise the jurisdiction acquired by the order changing the venue to that county, it was necessary that a record should have been filed in that court, verified by the seal of office of the Jackson circuit court. The certificate of the clerk, without the seal of office, is not sufficient. The statute required that a transcript of the record and proceedings, with all the original papers in the case, should be sealed up and transmitted to the clerk of the court to which the venue is changed. (Digest, p. 984, sec. 14.) It is true the statute does not say, in express terms, that the transcript shall be certified under the seal of court, but the general direction to the clerk necessarily implies that it shall be done as records are usually authenticated. This question has been settled by this court in several cases under a statute strikingly similar to the one referred to in this casé. It is the act in regard to appeals from the circuit to the supreme court, {Digest, p. 825, see. 24,) which provides that “ a transcript of the record and proceedings shall be filed in the supreme court.” Nothing is said as to the manner of certifying. So far as this question is concerned, these statutes are identically the same: each requiring the act to be done, both silent as to the manner of doing it. In the case of Wells vs. Long, 1 Eng. Rep. 252, and Heard et al. vs. Lowry, 5 Ark. Rep. 474, to each of which the clerk had made, and attested by his signature, full and perfect certificates, but to neither of which the seal of office was affixed, this court decided that the records were not so authenticated as to give the court jurisdiction of the cases. The case of The State vs. Hicklin, is relied on by counsel in defence, but upon examination of that case it will be found in no respect to conflict with the decisions made in the cases of Wells vs. Long, and Heard et al. vs. Lowry. In the case of The State vs. Hicklin, the record was well authenticated; the objection to that record was, not that it was not fully attested under the seal of office, but that the petition for a change of venue had not been transmitted with the record. There the court had a well authenticated record, over which, by virtue of the order for the change of venue, it had acquired jurisdiction and authority to try and determine it; whilst, in this case, there was no part of the record so authenticated as to bring to the knowledge of the court even the fact that a change of venue had been made, much less that the transcript filed was truly the records and files in the case. In cases where there is an authenticated transcript over which the court can exercise its jurisdiction, but in which there is an omission or irregularity, the court assumes its jurisdiction, and, by cer-tiorari or mandamus, may compel the clerk to perfect the record. (Frazier & Tunstall vs. Fortenbury, 4 Ark. 162. 5 ib. 202.) If, however, (as in this case,) no such record is filed as would give the eourt power to exercise its jurisdiction,'the party aggrieved may, by petition to the court or to the judge thereof in vacation, procure an order for mandamus to compel the clerk to certify the record and proceedings, and transmit the same, with the original papers, to the clerk of the court to which the change of venue has been ordered. It is true that the circuit court, so soon as it makes the order for a change of venue, loses all further jurisdiction or control over the case, and the circuit court, to which the change is ordered, instantly acquires jurisdiction over the case, to be called into action so soon as competent authenticated evidence is furnished that the order has been made and a transcript of the record filed. When an appeal is taken from the judgment of the circuit court, that court no longer retains jurisdiction of it, and a jurisdiction at once attaches to this court, which, however, is not called into action until competent evidence is furnished, and that by the transcript of the record under the seal of office, not only that it is the record in the case, but that an appeal has been allowed: both are requisite to confer jurisdiction, which, when once gained, if the record be incomplete, it may be corrected and made perfect, and for which the court has ample power; and we of opinion that the same power exists in the circuit courts and judges. The next question for our consideration is, whether a plea, filed before the declaration is amended, is an answer to the declaration as amended. In order to determine this question, it becomes necessary to ascertain the extent and effect of an amendment. Our statute of amendments requires the courts to amend every defect or other imperfection in the pleading other than such as the party demurring shall express in his demurrer. (Digest, sec. 6, p. 806.) Under this statute, then, all defects not specially assigned as cause of demurrer are cured by legal intendment, unless the facts disclosed by the pleading, if set' forth in the most apt form, would not sustain an action. Therefore, it is only such defects as are presented to the court by demurrer, and adjudged insufficient, that become the subject of amendment, and the leave given to amend extends no further; and the amendment, whether by interlineation, (a loose practice which should be discontinued,) or by filing an addition to the former pleading, so identified as to be connected with it, or by re-stating the first declaration correcting the defect pointed out in the demurrer, has the same legal effect, and it amounts to nothing more than an amendment of that part of the pleading adjudged insufficient. It is for this reason that a second demurrer to the same pleading only extends to the part amended. A different rule would present the absurdity of a party calling on the court to hear and determine what has already been decided, or to reconsider, its decision on all that portion of the pleading which stood amended by operation 'of law, .(and which is, therefore, as perfect as the law can make it,) as well as such defects as may have been presented in the first demurrer and overruled by the court. It is, therefore, evident that upon demurrer an amended declaration is not. prpperly a new cause of action, but the same cause differently stated. There are-cases, however, where, upon special leave, additional counts are allowed to be filed, but that special leave .takes the case out of the rule in regard to amendments upon demurrer. Erom this view of the effect of amendments, we are of opinion that the filing of the amended declaration in this case did not necessarily affect the issue formed on the plea of payment, so as to require a- new plea to be filed to the declaration as amended. Upon comparing the original and amended declarations, it will be perceived that the same cause of action and no other is disclosed ip each; '.and so,identical is the legal effect of the statement that the amendment may be considered rather- verbal than affecting the merits of the case. It is true that cases may arise where the amendment might present such new facts, as to require that the issue be.changed. In such cases the defendant would be permitted to. withdraw his pleading, and amend it: and the practice seems to be in several of the States to allow amendment after plea filed only upon condition that the defendant,-if he choose to do so, have leave to withdraw his plea and plead over. (1 John. Cases, 248. 1 Hill R. 165. 4 Porter R. 425.) Inmost cases, however, (as in this,) the amendment does not, in the slightest degree, affect the issue, and, unless withdrawn by the defendant, it will be taken as responsive to the whole declaration. We are, therefore, of opinion that there was an issue formed on the plea of.payment which the jury was sworn to try. It next becomes necessary to inquire what effect the decision of the court, upon the plaintiff’s demurrer to the defendant’s plea, had upon that plea. The decision of the court was made under the .well .established rule that on demurrer the court will examine the whole record and render judgment against the party who committed the first error, which rule has been recognized by this court in Davis vs. Gibson, 2 Ark. Rep. 115. Byers & Minikin vs. Aikin, 5 Ark. R. 422. McLaughlin vs. Hutchings, 3 Ark. Rep. 213. In which cases the court proceeded at once to render judgment against the party committing the first error, without pronouncing any judgment on the pleading demurred to; and this, we apprehend, is the correct practice, because if the declaration be insufficient, there is nothing which the plea could answer. In this case, although the court intimated an opinion that the plea was defective, yet it did not, and, we apprehend, could not have passed judgment on the plea. The judgment rendered by the court was for the defendant, with leave to the plaintiff to amend his declaration under the practice and decisions of this court in the cases above referred to. The special plea demurred to, we are of opinion, now remains of record unanswered, and the circuit court erred in proceeding to judgment without having first disposed of it. The judgment of the circuit court is reversed and set aside with costs.