WILLIAM F. OXNARD *versus* SAMUEL A. BLAKE.

A mortgage of personal property, made by a debtor to secure a creditor, without his knowledge, although recorded, is inoperative, until it is approved or assented to by such creditor.

Where a debtor, at the same time, executes and causes to be recorded separate and independent mortgages of the same property to several of his creditors, without the knowledge of either, that mortgage which is soonest ratified will first have effect; and the others, becoming operative by subsequent ratification, will be subject to it.

The recording of a mortgage, at the instance of the mortgager, will not amount to a delivery of it, and though made effectual by the subsequent ratification of the mortgagee, it cannot affect the rights which another mortgagee acquired by a *prior* ratification of a mortgage to him of the same property, made and recorded at the same time.

REPORT by APPLETON, J.

REPLEVIN for a stock of merchandize. The writ is dated

Oxnard *v.* Blake.

March 14, 1857. Plea, the general issue, and a brief statement alleging that the property was not in plaintiff, but in the defendant, as tenant in common with other persons, and that he was rightfully in possession as such owner and tenant in common; that this action cannot be maintained, and praying for a return, &c.

It appears from the Report that Roxana Jordan originally was the owner of the goods replevied; that she was engaged in selling goods at Bangor, in December, 1856, on which day she made separate and independent mortgages severally to said plaintiff and said defendant, to secure her indebtedness to them, respectively.

The said mortgages were made at the same time and received and recorded at the same instant of time, and done by said Roxana in the absence of both the plaintiff and defendant, and without their knowledge at the time, although plaintiff had previously requested a mortgage, and said Jordan at such time declined to give it. On the day said mortgages were made and recorded, the plaintiff called on said Jordan again for a mortgage, and she then informed plaintiff she had that day made one to him, and he approved of it. After the mortgages had been recorded, said Jordan took them, and they were for a while in her possession. Before either the plaintiff or defendant got their mortgages, said Jordan informed defendant of the mortgage to him, and he approved of it.

After this, plaintiff received his mortgage from said Jordan and took possession of said goods. Whereupon, defendant came to Bangor, and then received his mortgage from said Jordan, and took said goods, without the plaintiff's knowledge, from the place where plaintiff had stored them, and carried them away to another place in order to hold possession of them. The plaintiff then brought this action.

Plaintiff testified: "I called on Mrs. Jordan on the day the mortgage was made, and asked for a mortgage; she said, I have made one this day to you, and one to Skinner, and one to Blake. I asked where it was. She said it was being re-

corded. I told Plaisted, my attorney, to get it and send it to me."

The case to be submitted on report to the full Court, to determine the rights of the parties, to have jury powers, and to enter judgment by nonsuit or default.

*J. A. Peters*, for plaintiff, argued:—

That plaintiff's mortgage first became operative. It was first *approved*. It was the first that was *delivered* ; first *received* by either of the mortgagees. Plaintiff was the first .that received *possession* of the goods under the mortgages. He has, therefore, superior rights.

The mortgages were independent; neither affected the other. It would have been otherwise if they had been simultaneously made and *accepted*. Each mortgage was inoperative as a contract until it had been ratified. The plaintiff's was ratified on the day it was made, the other mortgages are subject to his. What constitutes a ratification, see 24 Pick. 203.

A mortgage is a contract. *Dole* v. *Bodman*, 3 Met. and cases cited on both sides. See, also, *Travis* v. *Bishop*, 13 Met. 304; *Call* v. *Calef*, ib. 362.

A return will be ordered, or not, according to the rights of the parties in the title. 15 Maine, 373; 4 Pick. 168; 18 Pick. 427.

Plaintiff claims the whole stock; the first *contract* of the mortgager was with him.

*Rowe & Bartlett*, for defendant, argued:—

That the parties are tenants in common. The mortgager intended to make them so. The title of each dates from the time of the delivery for record.

The mortgages being for the sole, unconditional benefit of the mortgagees, their assent is presumed. 3 Barn. & Ad. 31; 4 Mason, 214; 4 Day, 395; *Thompson* v. *Leach*, 2 Salk. 618.

The subsequent ratification, by mortgagees, relates back, and gives effect to mortgages from their date, except against

intervening title for new consideration. Vin. Abr. " Disagreement," A., pl. 5, 10; 13 Mass. 361; 3 Maine, 373.

When Oxnard ratified, he knew of Blake's mortgage, and that it was made and recorded at the same time with his own. He knew it was Mrs. Jordan's intention to make himself and Blake and Skinner tenants in common. He knew that for that purpose she had made the three mortgages and left them to be recorded. He approved of what she had done, and accepted the conveyance to himself, with the understanding that he was to be tenant in common with them. He might have repudiated the mortgage and attached, or insisted upon having a new mortgage to himself, which would not have made him tenant in common with them. Co. Litt. 21, a; *Shove* v. *Dow*, 13 Mass. 535; *Sigourney* v. *Eaton*, 14 Pick. 415; *Burnett* v. *Pratt*, 22 Pick. 558.

One tenant in common cannot maintain replevin against his co-tenant. *Wills* v. *Noyes*, 12 Pick. 324–6; *Barnes* v. *Bartlett*, 15 Pick. 71, 75.

The opinion of the Court was drawn up by

HATHAWAY, J. —Roxana Jordan mortgaged the replevied merchandize to the plaintiff, by his request, to secure her debt to him, and he took possession of it under the mortgage, which was duly recorded.

Although Mrs. Jordan also made a mortgage of the same merchandize to the defendant, and had it recorded at the same time with the mortgage and record thereof to the plaintiff, yet the defendant had no knowledge of it till *after* the mortgage to the plaintiff had been made, as he requested, and recorded and "*approved*" by him, which was equivalent to an actual delivery of the mortgage by the mortgager to the plaintiff. *Hedge* v. *Drew*, 12 Pick. 141. A deed takes effect from its delivery, and Mrs. Jordan had no legal right to take the plaintiff's mortgage from the registry, after it had been approved and assented to by him, for it was his property.

The case finds no privity between the plaintiff and the defendant, nor any authority in the plaintiff to assent to the

mortgage of Mrs. Jordan to the defendant, nor any knowledge of the plaintiff that the defendant would assent to it.

The mere making of the mortgage by Mrs. Jordan to the defendant, and causing it to be recorded without his assent or knowledge, did not amount to a delivery of it to him, so as to enable him, by his subsequent assent to it, to defeat or impair the title to the merchandize which had been previously acquired by the plaintiff. *Maynard* v. *Maynard*, 10 Mass. 456; *Harrison* v. *Phillips Academy*, 12 Mass. 461; *Dole* v. *Bodman*, 3 Met. 139, cited in argument.

*Defendant defaulted.*

TENNEY, C. J., RICE, APPLETON, CUTTING, and GOODENOW, J. J., concurred.