## BREATHWIT *v.* BANK OF FORDYCE.

Opinion delivered December 8, 1894.

1. *Change of venue—Effect of remanding cause.*
   Where, after a change of venue has been taken, the cause is remanded to the court from which it was transferred, the appearance and consent of the parties therein will confer jurisdiction on such court.

2. *Evidence—Admissions against interest.*
   Admissions by a mortgagee, made shortly before the mortgage was executed, that the mortgagors owed him nothing, are admissible against him in an action by creditors of the mortgagor attacking the mortgage for fraud.

3. *Mortgage—Delivery.*
   Delivery of a mortgage by the mortgagor to one of the mortgagees, with a request to file it for record at once, is a delivery to all of them.

4. *Mortgage—Presumption of acceptance.*
   The acceptance by the mortgagees of a mortgage beneficial to them will be presumed until the contrary is made to appear.

Appeal from Cleveland Circuit Court.

CARROLL D. WOOD, Judge.

*Met L. Jones* and *Chas. T. Coleman* for appellants.

1. The court erred in its final instruction for the plaintiff, and in finding there was no acceptance of the mortgage by the mortgagees before attachment issued. A delivery to one mortgagee of a mortgage made to

secure a several debt to each is a sufficient delivery to all. Jones, Ch. Mortg. sec. 109; Herm. Ch. Mortg. secs. 66, 67; Boone, Mortg. sec. 238; 78 Mich. 631; 18 Conn. 261. When the deed is beneficial to the creditor, and his dissent is not shown, his assent is presumed. 18 Conn. 261; 50 Md. 477; 27 Pac. 150; 3 Barb. Ch. 375; 6 Barb. 98; 2 Root, 26; 5 N. H. 71, 80; 15 Wend. 656; 16 Peters, 106; 38 Vt. 426. The instruction complained of is in the teeth of 22 Ark. 136, which is recognized as a leading authority.

2. The court erred in finding that the sums evidenced by the notes to Wm. Breathwit were gifts or advancements and not loans. 1 Am. & Eng. Enc. Law, 219; 1 Head, 300; 9 Humph. 280; 22 Ala. 233; 23 Ga. 531; 5 N. J. Eq. 99; 21 Pa. St. 283; 29 *id.* 125.

3. It was error to sustain the attachment. There was no actual fraudulent intent. Mere legal fraud is not sufficient. Wade on Attach. sec. 96.

4. Doster's motion stated a good statutory ground for vacating the judgment. Mansf. Dig. sec. 3909; 1 Black on Judg. sec. 334, *n.* 204; 1 Freem, Judg. sec. 103; 5 Ark. 408; 27 *id.* 295; 78 Ind. 514; 41 Cal. 17; 32 Kas. 319; 26 Iowa, 444.

*W. T. Woolridge* for the interpleaders.

1. The finding against Wm. Breathwit was without any legal evidence to support it. 51 Ark. 476. The declarations were not admissible. 6 Ark. 122; 46 *id.* 243; 45 *id.* 412; 48 *id.* 169; 49 *id.* 506.

2. A delivery and acceptance by one of the mortgagees was sufficient for all the beneficiaries. 5 Am. & Eng. Enc. Law, p. 447; 8 Watts, 9; 20 Cal. 69; 13 S. W. 1070; 20 *id.* 99. If the deed is beneficial, the assent is presumed. 26 Iowa, 93.

3. The filing of the mortgage for record and the subsequent acceptance by the mortgagee ratifies the

act, and gives it effect from the date of filing.    22 Ark. 136 ; 18 Ark. 123 ; 25 *id.* 158.

4.    The Cleveland court had no jurisdiction.    37 Ark. 499 ; 4 *id.* 163 ; 9 *id.* 469.    The act of the parties cannot confer jurisdiction.    36 Ark. 237 ; 38 *id.* 221 ; 44 *id.* 224 ; 48 *id.* 105 ; 21 S. W. 587 ; 33 Ark. 31 ; 48 *id.* 151 ; 12 A. & E. Enc. Law, note 2.

*Sterling R. Cockrill* for J. W. Doster.

1.    Delivery or acceptance of a mortgage is a question of fact.    This fact was not put in issue by the pleadings.    Doster alleged the due *execution* of the mortgage, and it is not denied.

2.    But if denied, it is alleged and *was proved* that the mortgage was signed, acknowledged, filed for record, and recorded.    This made a *prima facie* case of delivery, and no proof was introduced that it was *not* accepted or delivered by Doster.    Hence the *prima facie* case made stands.    2 Devlin, Deeds, sec. 292 ; 1 Pingrey, Mortg. sec. 225 ; 79 Pa. St. 15 ; 50 Mo. 477.    Sec. 664, Mansfield's Digest, settles it in Doster's favor, if there were any doubt.    3 Ohio St. 380 ; 23 Wend. 43 ; 2 *id.* 208.    The record of a deed is *prima facie* evidence of its delivery.    But 22 Ark. 136 settles the rule in this State.    See also 18 Ia. 246 ; 26 *id.* 93 ; 3 Barb. Ch. 378 ; 18 Ark. 123 ; 11 Wheat. 97 ; 51 Ark. 530 ; Sheph. Touch. 58 ; 2 Vent. 108.

3.    Acceptance by one of several mortgagees was acceptance by all.    1 Devlin, Deeds, 298–9 ; Boone on Mortg. 238.

4.    It was an abuse of discretion to refuse Doster's motion.    26 S. W. 820, reported in 59 Ark.

*W. P. & A. B. Grace, W. S. McCain* and *J. M. & J. G. Taylor* for appellees.

1.    A mortgage, to be valid against an attachment lien, must not only be recorded, but must be accepted by

the mortgagees prior to the attachment. One mortgagee cannot accept for others without prior authority, and the subsequent ratification does not relate back to the time of the execution of the mortgage. Cobbey, Ch. Mortg. sec. 570; *Ib.* 413, 414; 67 Tex. 431; 42 Me. 168; 45 *id.* 692; 15 Ia. 104; 12 Wis. 270; 21 Wis. 684; 27 Me. 400; 10 Mass. 456; 3 Met. 142; 73 Ia. 176; 54 *id.* 255.

2. There was ample evidence to sustain the finding of the court that the sums evidenced by the notes to Wm. Breathwit were advances, and not loans.

3. The evidence is ample that the whole mortgage, so far as Wm. Breathwit is concerned, was a fraud, and the attachments were properly sustained.

*D. H. Rousseau* also for appellees.

1. Reviews 22 Ark. 136, and distinguishes it from the present case.

2. The refusal of Doster's petition was a matter of sound discretion with the court, and no abuse was committed. 41 Ark. 53; 39 *id.* 270; 41 *id.* 229.

3. 22 Ark. 136 has been modified by a recent opinion of this court. 54 Ark. 179–183.

4. A mortgagee of a pre-existing debt is not a purchaser for a valuable consideration; he is not an innocent purchaser. 120 U. S. 556; 16 Pet. 1; 103 U. S. 14; 3 Story, 364–9; 4 Paige (N. Y.), Ch. 215; 5 Woodb. & M. 334–6; 24 Mich. 372–9; 27 N. Y. 575; 80 Ind. 589.

5. Courts scrutinize very closely conveyances between parties so nearly related. They are calculated to awaken suspicion, and, unless perfectly fair and honest, are held fraudulent. 7 Humph. 310; 61 Ala. 271; 60 *id.* 121; 95 U. S. 580; May on Fraud. Conv. p. 236. The burden was on Wm. Breathwit to show that the transactions with his sons were free from and untainted with fraud. 78 Mich. 221; 22 Neb. 183; 34 *id.* 365; 60 Vt. 342.

6. The declarations of all parties to the transaction made before the execution of the conveyance, where it is attacked by the creditors of the grantor for fraud, are competent. Wait, Fr. Conv. 277; 14 Mass. 245; 55 Ala. 517; 105 Mass. 388.

7. The court had jurisdiction. 20 How. U. S. 541; 48 Ark. 151; 7 Cal. 584; 6 Cush. (Mass.) 560; 49 N. Y. 303; 77 N. C. 300; Hardin (Ky.), 451; 58 Mo. 397; 29 Ala. 341; 7 Ark. 192.

BATTLE, J. On the 20th of October, 1890, J. L. & J. R. Breathwit were partners doing business at Kingsland, in this State. They were insolvent, and many of their creditors were urging them to pay their claims. They endeavored to get time, but, failing in this, in order to secure the debts owing by them (J. L. & J. R. Breathwith) to H. C. Draughn & Co., J. W. Doster, M. D. Wells & Co., Hill, Fontaine & Co., William Breathwit, and the Bank of Little Rock, executed a mortgage, and thereby conveyed to the creditors named certain personal property and real estate, on condition that the mortgage should be void when the debts therein described were fully paid. These debts were evidenced by promissory notes, and were owing by the mortgagors to the following creditors, on notes due, and for amounts, as follows, to-wit:

Hill, Fontaine & Co., note due Oct. 15, 1890... $1,000.00
H. C. Draughn & Co., note due Oct. 29, 1890...     800.00
J. W. Doster, note due Sept. 15, 1890 .........     600.00
M. D. Wells & Co., note due Dec. 2, 1890......     711.38
William Breathwit, note due Jan. 1, 1889 .....   5,000.00
William Breathwit, note due April 24, 1889 ...   4,874.15
William Breathwit, note due Oct. 1, 1890 .....   3,000.00
Bank of Little Rock, note due Nov. 12, 1890...   1,000.00
Bank of Little Rock, note due Nov. 12, 1890...   1,200.00

The mortgage was executed on the 20th of October, 1890, and was acknowledged and filed for record on the

same day.   On the 24th of the same month, four days
thereafter, the Bank of Fordyce instituted an action in
the Cleveland circuit court against J. L. & J. R. Breath-
wit on a promissory note executed by them to the bank
for $933.48, and sued out an order of attachment on the
ground that the defendants had conveyed their property
with the fraudulent intent to cheat, hinder, and delay
their creditors, and caused the sheriff to seize the prop-
erty conveyed by the mortgage, in order to satisfy the
same.   On the 24th of July, 1891, Hill, Fontaine & Co.,
H. C. Draughn & Co., J. W. Doster, M. D. Wells & Co.,
S. S. Dykes and William Breathwit filed a complaint
in this action, and therein claimed the property seized
by the sheriff, and set out the mortgage as the evidence
of their claim.

On the 30th of July, 1891, the plaintiff filed a motion
for a change of venue, which was granted, and the venue
in the case was changed to the Drew circuit court.   On
the 8th of August, 1891, the transcript of the proceed-
ings in the Cleveland circuit court, together with the
original papers in the cause, was duly certified and filed
in the Drew circuit Court.   On the 22d of September,
1891, the parties appeared in the last named court, and
the plaintiff filed its answer to the complaint of the
claimants, admitting that the defendants executed the in-
strument relied on by the claimants, but denying that it
was ever intended to be a mortgage, or that it was ever
delivered to the claimants, or to any one for them who
was authorized or empowered to receive the same, or
that the claimants ever received or acquired possession
of the property described therein prior to the attach-
ment.   Plaintiff also alleged in its answer that the in-
strument relied on by the claimant was a general assign-
ment for the benefit of creditors, and was fraudulent
and void because it provides that the assignees should
take possession of the property without executing a bond

or filing an inventory as required by the statute, and denied that the defendants, J. L. & J. R. Breathwit, were, at the time of the execution of the instrument, indebted to William Breathwit, or were, at the time of the filing of their answer, indebted to M. D. Wells & Co., and alleged that the instrument was executed with the intent to cheat, hinder and delay creditors. On the same day, and upon motion of the defendants, and with the consent of all parties, the Drew circuit court remanded the cause to the Cleveland circuit court for trial.

All the issues were submitted by the parties for trial to the court sitting as a jury. The instrument being unquestionably a mortgage, and M. D. Wells & Co. and the Bank of Little Rock having refused to accept it, there were only three issues to be tried: First. Did J. L. & J. R. Breathwit execute the mortgage with the intent to cheat, hinder and delay their creditors? Second. Was the debt to William Breathwit, secured thereby, real or simulated? Third. Was the mortgage delivered to and accepted by the mortgagees—that is to say, Hill, Fontaine & Co., H. C. Draughn & Co., J. W. Doster and William Breathwit?

It would serve no useful purpose to set out at length in this opinion the evidence adduced at the trial. It is sufficient to say that it tended to prove that the mortgage was executed by J. L. & J. R. Breathwit with the intent to cheat, hinder and delay their creditors, and that William Breathwit let them have large sums of money with no intent to demand the return of it, but gave it to them, and that no debt was thereby created, and that the undisputed evidence shows that the mortgage was delivered by the mortgagors to H. C. Draughn on the day it was signed, and at the time when their creditors were pressing them for payment, with the request that he file it for record, which he did on the 20th of October, 1890, four days before the attachment, and

that they at once notified the mortgagees, who were present, of its execution, and sent information of that fact by telegram to the others.    We have failed to discover any evidence that tended to show that Hill, Fontaine & Co. or J. W. Doster did or did not expressly accept the mortgage.

In the course of the trial, witnesses were allowed to testify, over the objections of William Breathwit, in effect, that he, a short time before the mortgage was executed, said that J. L. & J. R. Breathwit, who were his children, owed him nothing, and that the moneys which he let them have were given to them.    To the admission of this testimony, William Breathwit at the time excepted.

Among the numerous declarations of law made, the court declared the law, over the objections of the claimants, to be as follows: "A mortgage, to be valid against an attachment lien, must not only be filed for record, but must be accepted by the mortgagees prior to the levy of the attachment.    One mortgagee cannot accept for others without authority given prior to the attachment.    The subsequent ratification does not relate back to the time of the execution of the mortgage."

And the court found the facts as follows:

First.    That the evidence sustained the attachment as to the defendants.

Second.    That the instrument upon which the claimants rely is a mortgage, and not an assignment.

Third.    That H. C. Draughn and William Breathwit accepted the mortgage; and that the other mortgagees did not accept before the order of attachment was issued.

And Fourth.    That the amounts claimed by William Breathwit, and secured by the mortgage, were gifts on advancements to his children, J. L. & J. R. Breathwit.

3

Judgment was rendered accordingly; and the defendants and the claimants,. William Breathwit, Hill, Fontaine & Co., J. W. Doster, after filing motions for new trial, which were overruled, and saving exceptions, appealed.

Appellants present six questions for our consideration and decision:

First. Did the Cleveland circuit court, after the transfer to the Drew circuit court, have jurisdiction?

Second. Was the testimony admitted by the court over the objections of William Breathwit competent?

Third. Should the judgment sustaining the attachment be reversed because the court erred in finding that the mortgage was executed by J. L. & J. R. Breathwit with the intent to cheat, hinder and delay creditors?

Fourth. Should the judgment as to the claim of William Breathwit be set aside, because the court erred in finding that J. L. & J. R. Breathwit owed him nothing when the mortgage was executed?

Fifth. Did the court err in making the declaration of law set out in this opinion?

Sixth. Did it err in finding that Hill, Fontaine & Co. and J. W. Doster did not accept the mortgage before the attachment?

1. Effect of remanding cause after change of venue.

1. When the Drew circuit court remanded this cause to the Cleveland circuit court, it virtually dismissed the action from that court; and when all the parties appeared in the Cleveland circuit court, they adopted all the pleadings on file before it was remanded, and entered their appearance, and thereby gave to the latter the same jurisdiction it would have acquired had the action been dismissed by the former court, and again brought in the latter. It is unlike the case of *Frazier* v. *Fortenberry*, 4 Ark. 162, cited by the appellants. In that case the suit was instituted in the Independence circuit court, and the cause was afterwards removed to

the Van Buren circuit court. While it was pending in the Van Buren court, the parties appeared in the Independence court, and the action was disposed of in that court. The court said: "By the change of venue it (Independence circuit court) lost that jurisdiction. This being the case, the act of the parties, in appearing and contesting the matter before the Independence circuit court, cannot confer jurisdiction upon that court; consequently, the judgment of that court in the premises was *coram non judice*." In the case before us the action was not pending in the Drew circuit court when it was tried.

2. The admissions of William Breathwit, made before the execution of the mortgage, being against his interest, were properly admitted, so far as they affected him. *Bridge* v. *Eggleston*, 14 Mass. 245; *Chase* v. *Chase*, 105 Mass. 388; *Alexander* v. *Caldwell*, 55 Ala. 517; 1 Greenleaf on Evidence, sec. 180; Wait on Fraudulent Conveyances, sec. 277.

    2. Admissions against interest as evidence.

3 and 4. As to the finding of the court that J. L. & J. R. Breathwit executed the mortgage with the intent to defraud creditors, and that they were not indebted to William Breathwit when they executed it, there was evidence sufficient to sustain the conclusions of the court.

5 and 6. In *Carnall* v. *DuVal*, 22 Ark., 136, a mortgage was executed to secure a meritorious, pre-existing debt, on the 14th of June, 1854, and, after being acknowledged, was filed for record by the mortgagors on the 17th of the same month. At the time it was executed and filed, the mortgagee was absent, and there was no evidence to show that he knew anything of its execution till the ensuing October, when it was delivered to and accepted by him in person. In the mean time, between the filing and the delivery, judgments were rendered by the circuit court of Sebastian county, in which the lands mortgaged were situated, against the mort-

    3. Sufficiency of delivery of mortgage.

gagors. The court held that the subsequent acceptance of the mortgage by the mortgagee was a ratification of the act intended for his benefit and made the lien of the mortgage prior and superior to that of the judgment. This rule, while it appears that it is sustained by authority (*Tompkins* v. *Wheeler*, 16 Peters, 106 ; *Merrills* v. *Swift*, 18 Conn. 261 ; *Halluck* v. *Bush*, 2 Root, 26 ; and *Lady Superior* v. *McNamara*, 3 Barb. Ch. 375), is denied by many courts. *National State Bank* v. *Morse*, 73 Iowa, 174 ; *Dole* v. *Bodman*, 3 Met. 139 ; *Cobb* v. *Chase*, 54 Iowa, 253 ; *Wadsworth* v. *Barlow*, 68 *id.* 599 ; *McCourt* v. *Myers*, 8 Wis. 236 ; *Welch* v. *Sackett*, 12 *id.* 243 ; *Harmon* v. *Myer*, 55 *id.* 85 ; *Oxnard* v. *Blake*, 45 Me. 602 ; *Merrill* v. *Denton*, 73 Mich. 628 ; *Hood* v. *Brown*, 2 Ohio, 269 ; *Bell* v. *Farmer's Bank*, 11 Bush, 34 ; *Tuttle* v. *Turner*, 28 Texas, 759 ; *Evans* v. *White*, 53 Ind. 1 ; *Baird* v. *Williams*, 19 Pick. 381 ; *Hulick* v. *Scovil*, 4 Gilm. 159 ; Jones on Chattel Mortgages (4 ed.), sec. 104 ; 1 Cobbey on Chattel Mortgages, sec. 413 ; Pingrey on Chattel Mortgages, sec. 134. But it is not necessary for us, at this time, to pass on its correctness, or to decide whether it has become a rule of property in this State. The facts in the case make it unnecessary to do so, and also to decide whether the declaration of law made over the objections of the claimants was correct.

The mortgage was delivered to one of the mortgagees, and filed by him for record. It was delivered to him to become operative. No control over it was reserved by the mortgagors. It seems fair to infer that by that act they intended to secure the mortgagees in the payment of the debts they owed to each and all of them. But it has been held that a delivery of a deed to one of several grantees does not operate as a delivery to the others, unless so expressed by the grantor. *Hannah* v. *Swarner*, 8 Watts, 9. How an expressed intention to deliver for all when delivered only to one is essential to

constitute a delivery to all the grantees, when all the circumstances indicate such an intention, we are unable to understand. In this case the mortgagors manifestly intended to secure the mortgagees in preference to other creditors. The mortgagee to whom it was actually delivered was requested to file it for record without delay. Why? Obviously, for the purpose of preventing other creditors from acquiring paramount liens. When they parted with all control over it, did they intend to place it beyond their power to carry into effect their intention to prefer creditors? Certainly not. The fair presumption is, they thought they had delivered the mortgage to all the mortgagees, and had accomplished their object, when they delivered it to one of them, and he had filed it for record. Under these circumstances, the delivery to one is a delivery to all, there being no reason to the contrary. *Shelden* v. *Erskine* (Mich.), 44 N. W. 146; *Hubby* v. *Hubby*, 5 Cush. 516; Jones on Chattel Mortgages (4 ed.), sec. 109; 1 Devlin on Deeds, sec. 298-9; Boone on Mortgages, sec. 238.

But it is said that it is essential to the validity of a mortgage that the mortgagee accept it. Whether it is necessary for all the mortgagees named in the mortgage to accept it, when it has been delivered to one and accepted by him, is unnecessary for us to determine in this action. The law is that the acceptance of the creditors provided for in a deed of mortgage will be presumed, in the absence of evidence to the contrary, when the provisions of the deed are beneficial, and not prejudicial to their interests. In such cases no expression of assent is necessary to give the deed the full effect intended, as "real creditors are rarely unwilling to receive their debts from any hand which will pay them." That is presumed until the contrary is made to appear. *Hempstead* v. *Johnson*, 18 Ark. 123; *McCain* v. *Pickens*, 32 Ark. 405; *Grove* v. *Brien*, 8 How. 429; *Tompkins* v.

4. When deed presumed to be accepted.

*Wheeler*, 16 Peters, 106; *Townson* v. *Tickell*, 3 B. & Ald. 36; *Ensworth* v. *King*, 50 Mo. 477; *Robinson* v. *Gould*, 26 Iowa, 93; Shep. Touch, 58, 284; *Jackson* v. *Bodle*, 20 John. 184; 2 Greenleaf on Evidence, sec. 297; Lawson on Presumptive Evidence, p. 303, and cases cited.

In the case before us, the mortgage was delivered to one of the mortgagees, and was by him filed for record. It was clearly beneficial to them. The presumption is, they accepted it, until the contrary was shown by evidence. Two—M. D. Wells & Co. and the Bank of Little Rock—refused to be the recipients of its benefits. William Breathwit and H. C. Draughn & Co. expressly accepted. There is no evidence that Hill, Fontaine & Co. and J. W. Doster dissented. The facts were that those of the mortgagees who were present were notified of the execution of the mortgage, and telegrams containing the information were sent to the others. There was no evidence that the telegrams were or were not received. But the burden was on the attaching creditors to show that Hill, Fontaine & Co. and Doster did not accept. If ignorance of the mortgage, on the part of Hill, Fontaine & Co. and Doster, until the attachment liens were acquired, were sufficient to show that there was no acceptance in that interval, and to make such liens paramount to the mortgage, so far as it affected the last named mortgagees, the attaching creditors were not entitled to the priority, if the ignorance was not proved. There was no such evidence adduced, and the presumption of acceptance by them should have prevailed.

As to the three Breathwits and H. C. Draughn & Co., the judgment of the circuit court is affirmed, and as to Hill, Fontaine & Co. and J. W. Doster, it is reversed, and the cause is remanded with instructions to the court

to enter a judgment in accordance with this opinion, and for further proceedings.

Wood, J., being disqualified, did not participate in the decision of this case.