Cobb v. Chase.

Cobb v. Chase et al.

1. **Mortgage**: DELIVERY: PRIORITY OF LIENS. Where a debtor agreed to execute to one of his creditors a mortgage on some stock, but the animals were not specifically pointed out and agreed upon, and the debtor afterward executed the mortgage upon certain cattle and filed the same for record, of which the mortgagee had knowledge, but before the mortgage came into his possession, and on the same day, another creditor levied an attachment on the property, it was held that the attachment took precedence of the mortgage.

*Appeal from Fayette District Court.*

Thursday, June 24.

The question in this case arises between the plaintiff as attaching creditor of the defendant Chase, and intervenor Rhoades, who claims to hold a chattel mortgage upon the attached property. The intervenor was a creditor of Chase and was pressing him for payment. It was finally agreed that Chase should execute to the intervenor a chattel mortgage upon some cows and other stock, but the animals were not specifically pointed out or agreed upon. Afterwards in pursuance of the agreement Chase, in the absence of the intervenor, executed to him a chattel mortgage upon eight cows and three steers, and filed the same for record. This was done on the 27th day of November, 1878. On the 17th day of December, 1878, the plaintiff levied an attachment upon the mortgaged property. Afterwards, upon the same day, the intervenor came into possession of the mortgage for the first

time. He had, however, before that time, and before the plaintiff's levy, been informed by the recorder that such mortgage had been filed for record. In the action for attachment the intervenor set up the chattel mortgage, and claimed the right to hold the property thereunder. The court dismissed the petition for intervention and the intervenor appeals.

*A. S. Hollenbeck*, for appellant.

*Ainsworth & Hobson* and *Hoyt & Hancock*, for appellee.

ADAMS, CH. J.—The question presented for our determination is whether, under the established facts, the mortgage should be regarded as delivered before the attachment. The mere execution and filing of an instrument for record does not constitute delivery. *Day v. Griffith*, 15 Iowa, 104. The appellant, however, insists that the present case differs from that in two respects. In that case the antecedent agreement was merely that the mortgagor would give security, whereas in this case the agreement was to give security upon some cows and other stock. In this case too the mortgagor had knowledge of the mortgage before the levy of the attachment, whereas in that case the mortgagor had no such knowledge.

1. MORTGAGE; delivery: priority of liens.

Where a person agrees with another to mortgage to him specific property, and in pursuance of the agreement executes a mortgage upon the property, and files it for record, there is much reason for holding that such mortgage is to be deemed accepted by the mortgagor. But the agreement in this case was merely that a mortgage should be given upon a certain kind of property. No one specific piece of property was agreed upon, nor even the quantity. The agreement, then, was far less definite than the mortgage, and being so, we do not see how it could be construed as equivalent to an acceptance of the mortgage.

Nor are we able to see how mere knowledge of the mort-

gage, after it had been filed for record, could be deemed an acceptance of it. Acceptance involves the exercise of volition upon the part of the acceptor. Mere knowledge does not involve the exercise of volition.

AFFIRMED.