WADSWORTH & CO. v. BARLOW ET AL.

1. **Chattel Mortgage:** DELIVERY: FACTS NOT CONSTITUTING: SUBSE-
QUENT ATTACHMENTS: PRIORITY. The making of a chattel mortgage
on a stock of goods by a husband to his wife, and the sending of it by
him to the recorder for record, all without his wife's knowledge, and
without any evidence that it was to be delivered to her, or that it was
for her use, *held* not to constitute a delivery of the mortgage to her,
and that attachments levied upon the goods after the date of the mort-
gage were prior liens, even though the wife knew of the mortgage
before the attachments were levied. See opinion for cases followed and
distinguished.

*Appeal from Jones Circuit Court.*

WEDNESDAY, APRIL 21.

ACTION in equity, with prayer for a receiver of a stock of
goods belonging to the defendant W. A. Barlow, and for the
establishment in favor of the plaintiff of the alleged priority
of certain liens. M. B. Barlow, wife of W. A. Barlow, is
made defendant, as claiming to hold a first mortgage upon
the property executed to her by her husband. Certain others
are made defendants, as claiming to have attachment liens
upon the property. There was a decree denying the priority
of the mortgage of M. B. Barlow, and in favor of the other
lien-holders. The Barlows appeal.

*Ezra Keeler & J. W. Jamison,* for appellants.

*Ellis Murphy & Gould, Remley & Ercanbrack, Sheean
& McCarn* and *Davis & Brooks,* for appellees.

ADAMS, CH. J.—The only question presented is as to the
priority of the mortgage purporting to be executed by
the defendant W. A. Barlow to his wife. The other lien-
holders assail this mortgage upon several grounds. It will
be sufficient to consider one ground. It is insisted by the
appellees that the mortgage was not delivered before their

liens accrued, and we have to say that we think their position must be sustained. The mortgage appears to have been duly signed by W. A. Barlow, and sent to the recorder of mortgages of the proper county, and recorded. But there is, we think, no evidence that prior to the accruing of the other parties' liens it came into Mrs. Barlow's hands, or that she approved of its execution. It was executed, and sent for record, and recorded, without her knowledge, and there is some evidence tending to show that at one time, at least, she was not pleased with her husband's act in this respect.

As tending to show delivery before the other liens accrued, Mrs. Barlow relies, in part, upon the testimony of the deputy recorder. He testified at one time that he mailed the mortgage to Mrs. Barlow. But he testified afterwards that he merely made a memorandum as indicating that the mortgage was mailed to her; but that he had no personal recollection of mailing it, and that, too, even after looking at the memorandum. He also testified that the memorandum did not purport to show who mailed the mortgage, and that it would be the same, even though the mailing was done by the recorder. The memorandum does not appear to have been offered in evidence, and, in the absence of any personal recollection upon the subject, we have to say that it appears to us that the evidence of mailing wholly fails.

But it is said that before the other liens attached Mrs. Barlow had knowledge of the mortgage, and that, inasmuch as the mortgage was beneficial to her, she will be presumed to have accepted it at the time she acquired knowledge of it. The mortgage was upon a stock of goods held for trade by the mortgagee's husband. It had the effect, as might have been anticipated, to alarm his creditors and destroy his credit. It is by no means certain, therefore, that we should be justified in pronouncing the mortgage beneficial to Mrs. Barlow. But it is not important to determine that question. It may be conceded that the mortgage was beneficial. It may be conceded, also, though the decisions are not quite uniform

upon this point, that where a mortgage, beneficial to the mortgagee, is left with the recorder or other person, with a declaration that it is to be delivered to the mortgagee, or is for the mortagee's use, and the facts come to the mortgagee's knowledge, acceptance from that time may be presumed.

But the case before us is one where there was no declaration that the mortgage was to be delivered to the mortgagee, or was for her use. The case comes within the rule of *Day v. Griffith*, 15 Iowa, 104, and *Cobb v. Chase*, 54 Id., 253. Possibly, it might be thought that a delivery by the mortgagor for record should be held to raise a presumption of delivery for the use of the mortgagee, but the decisions appear to be otherwise, and, we think, very properly. It is well known that mortgages are sometimes executed wholly for the benefit of the mortgagor, and there is some evidence that this was so in the case at bar.

The appellant mortgagee relies upon *Robinson v. Gould*, 26 Iowa, 89; *Cecil v. Beaver*, 28 Id., 241; and *Craven v. Winter*, 38 Id., 471; but in the last case the court expressly found that the delivery to a third person was designed for the benefit of the grantee. In the other two cases the grantor was endeavoring to set aside his own deed, and, in one of them, the grantee was an infant child of the grantor. They all differ from the case at bar.

There was evidence tending to show that Mrs. Barlow not only had knowledge of the existence of the mortgage before any other lien attached, but that she expressly recognized the existence of it. She claims that her recognition was an acceptance; but it appears to us otherwise. The recognition did not show that she intended to claim the benefit of it.

We think that the court below did not err, and the decree must be

AFFIRMED.