JOHN G. KEITH, Plaintiff and Respondent, *v.* JOHN E. HAGGART, Defendant and Appellant.

**Chattel Mortgage — Record — Priorities — Execution — Evidence.**

1. Where the undisputed evidence shows that a creditor requested security from his debtor, and the debtor promised, by letter, to give security, but mentioned no property upon which such security would be given, and subsequently a chattel mortgage from the debtor to the creditor was filed in the proper office, and the creditor at once notified by the debtor of such filing, and the creditor accepted such security, and procured a certified copy of the mortgage, *held*, as between the mortgagee and an execution creditor of the mortgagor whose lien on the property did not attach until months after the mortgage was filed, that there was no question as to delivery and acceptance of the mortgage to be submitted to the jury.

2. In an action between the mortgagee and the representative of a creditor of the mortgagor whose debt existed prior to the execution of the mortgage, where it was claimed that the mortgage was void under the statute as against the creditor, because not properly witnessed, and therefore not entitled to record, where the only evidence that the mortgage was witnessed by the parties whose names appeared thereon as witnesses came from a witness against whom the other party introduced impeaching testimony, and where the evidence also tended to show that one of the parties whose names appeared as wit-

nesses left the territory of Dakota two days before the mortgage was executed, and did not afterwards return, *held*, that the court erred in refusing to submit to the jury the question of the proper execution of the mortgage.

3. The testimony of a witness whose only knowledge of the value of a certain article on a certain date is derived from inspection of an entry written in pencil in the day-book of a party in no manner connected with the action, where it is not shown by whom such entry was made or when it was made, or that the party making it had any knowledge of the market value of such articles, is not competent to establish the value of such article.

(Opinion Filed March 12, 1891.)

*A*PPEAL from district court, Cass county; Hon. WILLIAM B. McCONNELL, Judge.

*Pollock & Young*, for appellant. *Ball & Smith*, for respondent.

Action by plaintiff, as mortgagee, against defendant, as sheriff of Cass county, to recover value of wheat seized and sold by defendant under execution. Judgment for plaintiff. Reversed and a new trial ordered.

Pollock & Young for appellant:

The mere signing of a mortgage, coupled with the fact that the same found its way into the office of the register of deeds, does not constitute a delivery. Jones on Chat. Mortg., § 106; Day v. Griffith, 15 Iowa 104. The question of delivery is always a question of fact for the jury. Jones on Chat. Mortg., § 112. There being no delivery of a mortgage, it is absolutely void as to third parties. Compiled Laws North Dakota, § 3229. The mere knowledge of the mortgagee that mortgages in his favor have been filed is not sufficient to constitute an acceptance by him. Jones on Chat. Mortg., § 108; Cobb v. Chase, 54 Iowa 253, 6 N. W. Rep. 300; Parmelee v. Simpson, 5 Wall. 81. The validity and identity of the note, whether or not payments were made thereon, which saved the cause of action on the note from being barred under the statute of limitations, and the making, delivery, filing and acceptance of the chattel mortgage, were questions of fact for the jury and not of law

for the court. Compiled Laws North Dakota, § 5032; Koehler v. Adler, 78 N. Y. 287; Hibbard v. Smith, 4 Pac. Rep. 473, 8 Pac. Rep. 46; Railroad Co. v. Stout, 17 Wall. 647; Bank v. Dana, 79 N. Y. 108.

Ball & Smith for respondent:

The question of delivery is a question of fact for the jury, but under the evidence in this case, if the question had been submitted to the jury, and the jury had found that no delivery of the mortgage had ever been made, it would have been the duty of the court to set aside the verdict as unsupported by the evidence, and in hostility to all evidence given. Town of Grand Chute v. Winegar, 15 Wall. 355. The question whether a mortgage is properly executed and acknowledged is one of law to be passed upon by the court. Jones on Chat. Mortg., § 112. The testimony of a witness as to market value is not incompetent if it is derived from inquiry in the trade or from invoices and accounts. Greely v. Stilson, 27 Mich. 153; Alfonso v. United States, 2 Story 421; Lush v. Druse, 4 Wend. 313.

The opinion of the court was delivered by

BARTHOLOMEW, J. Sections 4388 and 4389 of the Compiled Laws provide that, before mortgaged chattels can be taken on execution against the mortgagor, the officers holding the writ must pay or tender to the mortgagee the amount of the mortgage debt, or deposit such amount with the county treasurer, payable to the order of the mortgagee. The respondent, as mortgagee, brought an action against the appellant, as sheriff of Cass county, to recover the value of certain property seized and sold by appellant under execution against one Donald E. Keith, and upon which the respondent claimed to hold a valid mortgage given by said Donald E. Keith to him, and which sale was made without compliance with the statute above mentioned. The issues were upon the validity of the mortgage and the value of the property. It was undisputed that the execution plaintiffs were creditors of the mortgagor at and prior to the time of the execution of the mortgage under which respondent claimed. No questions arise upon any other notice than

the constructive notice given by the record. Section 4379, Comp. Laws, is as follows: "A mortgage of personal property is void as against creditors of the mortgagor, and subsequent purchasers and incumbrancers in good faith for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated." Respondent's mortgage was on file in the proper office, but appellant contended that it was not legally entitled to filing, because not witnessed as required by § 4384, Id., which reads as follows: "A mortgage of personal property must be signed by the mortgagor in the presence of two persons, who must sign the same as witnesses thereto, and no further proof or acknowledgment is required to admit it to be filed." Appellant also claimed that the evidence failed to show any delivery of the mortgage to or acceptance thereof by the mortgagee prior to the levy under the execution.

The appellant requested the court to give the following instructions to the jury: "The law of this territory provides that a mortgage of personal property must be signed by the mortgagor in the presence of two persons, who must sign the same as witnesses thereto; and I charge you that if you should find from the evidence that the mortgages introduced in evidence, and under which plaintiff claims to recover in this action, were not signed by D. E. Keith in the presence of the two witnesses who purport to have signed their names as witnesses to said mortgages, and each of them, or if you find that the man E. J. Emmons, whose name appears as a witness to each of said mortgages, did not sign his name thereto, the mortgages are, and each of them is, void as against creditors, notwithstanding the plaintiff, J. G. Keith, may have been an innocent party, and had no knowledge of the fact surrounding the execution of the mortgages; and the fact that they were filed in the office of the register of deeds in this county would not in any way affect them, for the reason that, if not properly executed as required by law, they were not entitled to be filed." This the court refused, and gave the following: "The defense is as to two matters: First. There is a denial of the execution of this chattel

mortgage, and then a contention as to what the value of the property was; but I do not deem the evidence of the defendant sufficient to impeach the mortgage, and therefore I instruct you that the evidence is sufficient in this case to show that this was a valid and existing mortgage, and that it covered this property, and therefore it narrows the inquiry down in your minds to one of the identity of this property, which is not disputed, and as to its value." The ruling of the court in refusing the instruction asked, and in giving the instruction quoted, makes it necessary for us to discuss a portion of the evidence. This discussion will be better understood after a preliminary statement. The respondent, John G. Keith, was a resident of Chicago. Donald E. Keith, the mortgagor, was his brother, and resided in Cass county, in the territory of Dakota. Donald was a witness for the respondent before the jury. An effort was made to impeach his testimony. Four witnesses, after showing themselves to be properly qualified, testified to his bad reputation for truth and veracity. No effort seems to have been made to contradict or modify the impeaching testimony. On this subject the court instructed the jury as follows: "If you believe from the evidence that the witness, D. E. Keith has been successfuly impeached on this trial, or that he has willfully sworn falsely as to any matter or thing material to the issue in this case, then the jury are at liberty to disregard his entire testimony, except in so far as it has been corroborated by other creditable evidence, or by the facts and circumstances proved on the trial."

Turning now to the points raised by the assignment, it appears by undisputed and unquestioned evidence that Donald E. Keith was indebted to respondent in 1874, and at that time gave respondent his promissory note for the amount due January 1, 1880. Nothing was paid on this note, although there was usually an open account between the brothers. In 1883 the note was indorsed by the payment of interest to that date, being the amount found due to Donald upon a settlement of the account. During the year 1883 respondent requested Donald to give him some security for the debt, and Donald promised, by letter, to do so.

No property was mentioned upon which security was to be given, but respondent knew that Donald could give only chattel security. On December 21, 1883, the register of deeds of Cass county placed on file in his office a chattel mortgage from Donald to respondent. How the mortgage reached the register is not shown. Under the authorities it is clear that the delivery to the register under these circumstances did not constitute delivery to the mortgagee, as against third parties whose rights accrued before the mortgage was in fact accepted. Cobb v. Chase, 54 Iowa 253, 6 N. W. Rep. 300; Wadsworth v. Barlow, 68 Iowa 599, 27 N. W. Rep. 775; Dole v. Bodman, 3 Metc. (Mass.) 139; Thayer v. Stark, 6 Cush. 11; Maynard v. Maynard, 10 Mass. 456. Appellant seeks to bring this case under the above line of authorities, but the undisputed testimony of plaintiff when on the stand shows that he was advised by the maker of the mortgage of the fact that it was made and filed, about the time it was filed, and that he accepted the same, and received a certified copy of the mortgage. The executions were not levied until August 21, 1884. Under these facts we think the court was correct in holding that there was no question of delivery and acceptance to go to the jury.

But in refusing to give the instruction asked, and in holding that the mortgage was in all respects a valid, subsisting mortgage as against existing creditors, the court erred. The appellant had the right, under the evidence, to have the jury say whether or not the mortgage was in fact witnessed by the parties whose names appeared thereon as witnesses. There was no evidence in the case except that of Donald E. Keith, and no fact or circumstance tending to show that the mortgage was executed in the presence of and witnessed by E. J. Emmons. The mortgage was dated December 19, 1883. Donald testified that he thought it was executed on the day of its date; that he filled out the mortgage on his farm, and signed it in the presence of Mr. Street and Mr. Emmons, who signed as witnesses, and his wife; that Mr. Emmons was his wife's brother, and resided in another state, but was visiting at his place; and that when Emmons returned home his (Keith's) wife went with him. The other witness to the mortgage (Mr. Street) was living at the time in

the family of Donald E. Keith, and their residence was about
five miles from Casselton, their market-town. Mr. Street was
called as a witness by appellant. He was asked nothing touch-
ing the execution of the mortgage, but testified that when Mr.
Emmons went away Mr. Keith and wife and witness went with
him to Casselton, and witness left Mrs. Keith and Mr. Em-
mons at the residence of one Kilbourne, and took the team back
to the farm; that Mr. Emmons and Mrs. Keith did not return,
but that Mr. Keith returned a day or two afterwards. This wit-
ness testified that he thought Mr. Emmons left on the 17th day
of December, 1883. Mr. Kilbourne, who resided in Casselton,
was also called as a witness. He testified that on the 17th of
December, 1883, Mrs. Keith and Mr. Emmons were at his house
in Casselton; that they were going away, and Mrs. Keith came
for the purpose of bidding witness' wife good-bye; that Mrs.
Keith came late in the afternoon, and remained an hour or two,
and left in company with Mr. Emmons and Mr. Keith shortly
before train-time. This evidence strongly tended to prove that
Mr. Emmons left Dakota territory on December 17, 1883, and
hence could not have witnessed a mortgage that was executed
on December 19, 1883. It, at least, raised a conflict in the evi-
dence on that point that should have been submitted to the
jury.

Numerous assignments of error are made upon the ruling of
the court in admitting and rejecting testimony. We have ex-
amined these assignments carefully, they possess no general in-
terest, and we deem the rulings of the trial court strictly cor-
rect, except in one instance, which we proceed to notice. Among
the property sold by appellant was a quantity of wheat.
The value of this wheat was in controversy. Respondent in-
troduced one Fisher as a witness on this point. The witness
testified that in the fall of 1884 he was buing wheat for a mill
at Casselton, and stated that on August 21, 1884, that being the
date when the wheat was seized, the mill paid 66 cents per
bushel for wheat of the grade that this wheat was shown to be.
On cross-examination it appeared that the witness did not com-
mence work at the mill until after September 1, 1884, and that
he had no knowledge whatever of the value of wheat on August

21, 1884, except what he obtained by examining "the day-book that was kept in pencil by the man in the mill." Immediately upon the development of the source from which this witness obtained his information the appellant requested that his testimony on this point be stricken out. This request was refused. We think it should have been granted. Respondent introduced no other evidence of the value of the wheat, and the testimony of Mr. Fisher was widely variant from that of appellant's witnesses; hence it cannot be said that Fisher's evidence was not prejudicial to appellant. Courts have gone to great lengths in admitting testimony of this character. Information gained from inspection of invoices showing actual sales has been admitted as evidence of value. Lush v. Druse, 4 Wend. 313. In Finerstein's Champagne, 3 Wall. 145, the supreme court of the United States—three judges dissenting—admitted letters of third parties to show the value of certain imported wines. The letters, however, were written by large importing houses dealing in the same class of goods, and with a view to making sales. It has also been held that men engaged in the business and having large experience may testify as to value, although their information comes chiefly from price current lists and returns of sales furnished daily. Whitney v. Thatcher, 117 Mass. 527. In Sisson v. Railroad Co., 14 Mich. 489, and Railroad Co. v. Perkins, 17 Mich. 300, the market reports contained in commercial papers were admitted in evidence to establish values. We certainly are not warranted in going further in this direction than some of the foregoing cases have gone. To do so would be to disturb those ordinary conditions of safety and certainty which the law has always deemed essential in judicial investigations, and none of these cases would sustain the ruling of the trial court in this case. The witness obtained his information entirely from a pencil entry found in a book called the day-book at the mill. It is not shown when this entry was made, or by whom it was made, or that it was made by any party having any knowledge of the market. Under these circumstances, and the entry being strictly *res inter alios acta*, it would hardly be contended that the entry itself could be introduced in evidence against appellant, and yet the entry would certainly be more

competent than the oral statement of its contents. The testimony of Mr. Fisher should have been stricken out. For the foregoing errors of the district court the judgment must be reversed, and a new trial granted. It is so ordered. All concur.

WALLIN, J., having been of counsel, did not sit on the hearing of the above case; LAUDER, J., of the fourth judicial district, sitting by request.