# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

### OCTOBER TERM, 1892.

MARK S. SPRINGATE to use of NELSON DISTILLING COM-
PANY, Appellant, v. KOPPELMAN FURNITURE
COMPANY et al., Respondents.

St. Louis Court of Appeals, November 9, 1892.

1. **Sale without Delivery:** VALIDITY AS TO CREDITORS. A sale of
personalty, which is not followed by delivery to the purchaser and a
change of possession, is invalid as against the creditors of the seller.

2. **Execution:** LEVY ON MORTGAGED PERSONALTY. Personalty, which
is mortgaged, is subject to levy or execution against the mortgagor
before condition broken, and while the right of possession remains in
the mortgagor for a definite period.

3. **Chattel Mortgage:** VALIDITY AS TO CREDITORS OF MORTGAGOR.
*Quære*, whether a mortgage of personalty is valid as against process
against the mortgagor, when it is executed and recorded by the mort-
gagor without the consent or knowledge of the mortgagee before, but
is not actually delivered to the mortgagee until after, a lien on the
property has attached under the process.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Henry B. Davis*, for appellant.

(1) The mortgage was not void, because for two or three days after executing the mortgage Nortmann kept his saloon open and received the proceeds. There is no evidence that he appropriated the proceeds to his own use, or that he intended so to do. If he did intend to so appropriate them, the distilling company was not party to or advised of such intention. The fact that on the eighth day of July, when the agent of the distilling company went to New Haven, Nortmann paid him in cash $127 proves clearly that the conveyance was not to the use of the grantor. *Weber v. Armstrong*, 70 Mo. 217; *Bullene v. Barrett*, 87 Mo. 185. (2) The mortgage was not void because made without the knowledge of the distilling company, or because there was no manual delivery to them before the lien of the judgments attached. When a debtor, without the knowledge of his creditor, conveys property to a trustee to secure the debt, it is valid, unless within a reasonable time after the fact comes to the knowledge of the creditor he disclaims it. *Major v. Hill*, 13 Mo. 247; *Pearce v. Danforth*, 13 Mo. 360; *Burke v. Adams*, 80 Mo. 504, and cases cited; *Lumber Co. v. Anderson*, 13 Mo. App. 429; 2 Greenleaf on Evidence [9 Ed.] sec. 297, and cases cited; *Standiford v. Standiford*, 97 Mo. 231. The mortgage came to the knowledge of the mortgagee within five days after the record, and his assent relates back to the time of the execution and record. The assent of the grantee of a conveyance

which is clearly in his favor is presumed. See cases above cited. (3) The equity of the mortgagor is not subject to levy or sale under execution. *Beckham v. Vootle*, 19 Mo. App. 596; Drake on Attachments, sec. 539; *Bank v. Abernathy*, 32 Mo. App. 211, 226, 227.

*R. M. Nichols*, for respondents.

(1) The trial court, sitting as a jury, found the controverted facts of this case in favor of the respondent without declarations of law being asked or given. It is, therefore, impossible for this court to know upon what theory it arrived at its findings, or whether or not it erred. *Thies v. Garbe*, 88 Mo. 149; *Garrison v. Lyle*, 27 Mo. App. 566. (2) The claim under the pretended bill of sale is absolutely void, since there was no sufficient change of possession as against creditors. Revised Statutes, 1889, sec. 5173; *Wright v. McCormack*, 67 Mo. 429; *Stern v. Henley*, 68 Mo. 252. (3) The mortgage was first made without the knowledge of the mortgagee, and was put on record without his knowledge. The executions under which the respondents claim were liens from the time of delivery to the constable, and were prior to the lien of the mortgage, which was not delivered to the mortgagee until after their issue. Revised Statutes, 1889, sec. 6305; *Beazley v. Blundine*, 32 Mo. 387; *Gott v. Williams*, 29 Mo. 461; *Frost v. Wilson*, 70 Mo. 664. (4) The delivery of the mortgage to the recorder, and the filing of it in his office, is not, in itself, such a delivery as will operate to give the mortgagee any title under it prior to his actual acceptance of the security of the seventh day of July, 1891. Jones on Chattel Mortgages, sec. 106; *Wadsworth v. Barlow*, 68 Iowa, 599; *Oxford v. Blake*, 45 Me. 602; *Dole v. Bodman*, 44 Mass. 139; *Hammerslough v. Cheatham*, 84 Mo. 13; *Turner v. Carpenter*, 83 Mo. 333.

ROMBAUER, P. J.—The suit is upon an indemnity bond given by the defendants to Springate, a constable, to protect him against a claim made by the Nelson Distilling Company under the provisions of section 6311 of the Revised Statutes of 1889. The trial of the cause by the court without a jury resulted in a judgment for the defendants. No instructions were asked or given, and the only exception saved at the trial relates to the judgment itself, which the plaintiff claims is contrary to the evidence.

The property levied on consists of certain bar-room utensils and a stock of liquors, which were seized in the possession of Nortmann at New Haven, in Franklin county, by Springate, the constable, under six executions issued by a justice of the peace on judgments against Nortmann. The evidence concedes that these executions were delivered to the constable on July 3, 1891, and on several subsequent days up to the seventh day of July, 1891, and all prior to the date when the chattel mortgage hereinafter mentioned came into the *actual* possession of the Nelson Distilling Company. The claim of the Nelson Distilling Company to the bar-room utensils was based on a bill of sale executed by Nortmann to said company in April, 1888, and the claims to the liquors on a chattel mortgage executed by Nortmann to said company on the first day of July, 1891, conditioned to pay certain notes, none of which matured before July 20, 1891. The chattel mortgage was recorded on the second day of July, 1891, in Franklin county, where the mortgagor resided, but was not otherwise delivered to the Nelson Distilling Company prior to the seventh day of July. It contains the following condition: "The property hereby sold and conveyed to remain in his (the mortgagor's) possession until default be made in the payment of

the said debt and interest, or some part thereof, but in case of sale or disposal or attempt to sell or dispose of said property, or a removal of, or attempt to remove, the same from New Haven, Franklin county, Missouri, or an unreasonable depreciation in the value thereof, the said Nelson Distilling Company, or their legal representatives, may take the said property or any part thereof into their possession."

The property was seized by the constable July 7, 1891, was advertised for sale on the eighth, and sold under the execution on the eighteenth and bought in at that sale by the Nelson Distilling Company. No part of the property had been removed from New Haven between the date of the mortgage and the date of the constable's sale, nor was there any evidence that the property had depreciated in value, nor that other conditions of the mortgage had been violated between those dates.

In regard to the bill of sale of the utensils, under which the Nelson Distilling Company made one of its claims, there was evidence tending to show that the utensils were bought by the company for Nortmann and delivered to him; that he immediately thereafter executed the bill of sale to the company, but that there was no redelivery to the company, Nortmann continuing in the possession of the utensils up to the date of their seizure by the constable.

In regard to the chattel mortgage, the evidence tended to show that it was executed by Nortmann without any prior consultation with the Nelson Distilling Company, and that the first knowledge the company had of its existence was when they received it by mail on July 7, 1891.

This was in substance all the evidence bearing on the only question before us, namely: Can the judgment of the court be supported on any theory of law

applicable to the evidence? *Gentry v. Templeton*, 47 Mo. App. 55.

The claim of the Nelson Distilling Company on the utensils was invalid, because the sale was not followed by delivery and change of possession. *Wright v. McCormick*, 67 Mo. 429. Touching that claim the judgment was the only one that could be rendered. Conceding for the sake of argument that the mortgage on the stock of liquors took effect as a lien July 2, 1891, the day of its record, nevertheless it created a mere lien upon the property, leaving in the mortgagor a right of possession and property for a definite period, which was subject to levy and sale on execution. This right of possession and property had not expired July 8, 1891, when the claim of the Nelson Distilling Company was filed with the constable, and in fact did not expire prior to the constable's sale, as the first maturing draft secured by the mortgage, fell due after the date of the constable's sale. The court was warranted in finding from the evidence that no other condition of the mortgage had been broken prior to that date. The judgment of the court as to the second claim, therefore, is well supported in law under the facts presented by the evidence. *Barnett v. Timberlake*, 57 Mo. 499; *State to use v. Carroll*, 24 Mo. App. 358; *Kennedy v. Dodson*, 44 Mo. App. 550.

The respondent further contends in support of the judgment that as the mortgage first came to the actual possession of the Nelson Distilling Company after the delivery of the execution to the constable, and as the Nelson Distilling Company did not know that such a mortgage was to be given prior to its actual receipt, its lien was subsequent to the lien of these executions. The law in other states seems to be in support of that view. *Wadsworth v. Barlow*, 68 Iowa, 599; *Oxford v. Blake*, 45 Me. 602, and *Dole v. Bodman*, 3 Metc.

(Mass.) 139. But in *Turner v. Carpenter*, 83 Mo. 333, 337, it is intimated that a mortgage under such circumstances takes effect from the date of its record; hence, we have conceded that point to the appellant for the purpose of the argument.

The judgment is affirmed. All the judges concur.