## CATIE PEASE v. ROLAND MAGILL.

Opinion filed February 21, 1908.

**Trial — Directing Verdict — Waiver.**

1. At the close of plaintiff's case in chief, defendant moved for a directed verdict, which motion was denied. Thereafter defendant introduced testimony in support of his defense. *Held,* that he thereby waived the error, if any, in denying said motion.

**Same.**

2. Error is assigned in overruling defendant's motion for a directed verdict made at the close of all the evidence, and also his motion for judgment notwithstanding the verdict. These motions were properly overruled. The action was in claim and delivery to recover the possession of a horse. The complaint contained the usual allegations of ownership and right to possession in plaintiff; also, a detention of the horse by defendant and a prior demand for possession, etc. The answer contained no denials, either general or specific, but alleged a right of possession under a chattel mortgage executed by a former owner of the animal. The motions were predicated upon an alleged failure to prove ownership and right to possession in plaintiff and also a demand. Under the issues the sole question in dispute, aside from the question of the value of the horse and damages, was whether at the time plaintiff purchased the horse she had actual or constructive notice of defendant's chattel mortgage, and there was a conflict in the testimony upon this question.

**Judgment Notwithstanding the Verdict.**

3. Errors in instructions and errors of law occurring at the trial do not constitute grounds for a motion for judgment notwithstanding the verdict.

**Trial — Instructions.**

4. The refusal to give certain requested instructions which in the abstract embraced correct statements of law *held* not error under the state of the proof.

**Same — Exceptions to Charge — Instructions as to Burden of Proof.**

5. Error is assigned upon the giving of the instruction relative to the burden of proof. No foundation was laid for such assignment by a proper exception to such instruction, and hence the same cannot be noticed. The exception is too general. The particular portion of the charge complained of must be specifically excepted to, and where the portion of the charge embraces, as it does in this case, several paragraphs and as many distinct subjects, the exception is bad.

**Same.**

6. Even if such instruction had been properly excepted to, it would not avail defendant as the burden of proof under the issues was upon defendant.

**Chattel Mortgages — Defective Exemption — Filing — Constructive Notice.**

7. Defendant's chattel mortgage was not properly witnessed or acknowledged so as to entitle it to be filed; and hence the filing of the same did not operate to give constructive notice thereof.

**Same.**

8. The instructions given relative to the law of notice examined, and *held* not prejudicial error.

**Trial — Order of Proof — Discretion.**

9. It was not an abuse of discretion to permit certain testimony to be introduced by way of rebuttal, even if strictly speaking it was a part of plaintiff's case in chief.

**Evidence — Admissibility.**

10. Certain other rulings regarding the admission and rejection of testimony considered, and *held* not error.

Appeal from District Court, Ransom County; *Allen,* J.

Action by Catie Pease against Roland Magill. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Chas. S. Ego* and *F. S. Thomas,* for appellant.

Renewal of motion to direct verdict at close of all testimony saves the motion therefor at end of plaintiff's case. Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000.

To attack a chattel mortgage for lack of proper filing the assailant must show himself "a subsequent purchaser in good faith for value." Rev. Codes 1905, section 6182; Newton v. Newton, 48 N. W. 450; Nolan v. Grant, 5 N. W. 513; Ransom v. Schmela, 12 N. W. 926; Gardner v. Early, 34 N. W. 311; McNeil v. Finnegan, 23 N. W. 540; Wright v. Larson, 53 N. W. 712; Starr v. Stevenson, 60 N. W. 217.

Party is entitled to an instruction applicable to testimony supporting his theory. Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1, 119 U. S. 491, 30 L. Ed. 476; Boyce v. Palmer, 75 N. W. 849; Lansing v. Wessell, 97 N. W. 815; Cunningham v. Fuller, 52 N. W. 836; Botkin v. Cassady, 76 N. W. 722; Lion v. Baltimore City Ry., 44 Atl. 1044; Rhoades v. Chesapeake Ry. Co., 55 L. R. A. 175; Memphis Ry. Co. v. Newmann, 108 Tenn. 666.

Knowledge of circumstances that would reveal the truth if inquired into destroys good faith. Knowlton v. Shultz, 3 Dak. 417, 71 N. W. 550; Bowman v. Metzger, 39 Pac. 3; Schmueckle v. Waters, 25 N. E. 281; State Nat. Bank. v. Bennett, 36 N. E. 551; Tourtelot v. Reed, 64 N. W. 928.

*Rourke, Kvello & Adams,* for respondent.

There is no error in refusal to grant motion for judgment at close of plaintiff's case, if plaintiff failed to rest his case, and proceeded with his defense. 6 Enc. Pl. & Pr. 700; Union Pac. R. R. v. Mertes, 52 N. W. 1099; Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000.

No proof is required of a fact admitted. 1 Estee's Pleadings, section 204; Tuolumne Redemption Co. v. Patterson, 18 Cal. 416; Patterson v. Ely, 19 Cal. 28; Faulkner v. Rondoni, 27 Pac. 883; Grubu v. Stanley, 28 Pac. 56; In re Doyle, 15 Pac. 125; Kutcher v. Love, 19 Col. 547.

Ownership carries the right to possession. Wilson on Replevin, section 122.

Ownership and prior peaceable possession admitted, presumption of right to immediate possession arises, unless rebutted. Wells on Replevin, section 199.

If any portion of the charge excepted to is proper, exception to the entire charge will not be sustained. State v. Campbell, 7 N. D. 58, 72 N. W. 935; Kennedy v. Falde, 4 Dak. 319, 29 N. W. 667; Calkins v. Seabury Co., 58 N. W. 797; Bouck v. Enos, 21 N. W. 825.

Answer in replevin praying a return and damages, is one for affirmative relief, and burden of proof is with defendant. Acock v. Halsey, 27 Pac. 193; First Nat. Bank v. Parkhurst, 37 Pac. 1001; 3 Elliott on Evidence, section 2607.

Record of a chattel mortgage, neither witnessed nor acknowledged, affords no notice. Wood v. Lee, 57 N. W. 238; Thompson v. Scheid, 38 N. W. 801; Duke v. Markham, 18 A. S. R., 889; J. I. Case Threshing Machine Co. v. Olson, 10 N. D. 170, 86 N. W. 718; Jones on Mortgages, section 553.

FISK, J. This is an action in claim and delivery to recover the possession of a horse, and damages for its taking and detention by defendant. The complaint alleges ownership and right to the possession of the horse in plaintiff; also a taking and detention by defendant, a demand for its return, and damages. The answer contains no general or specific denial of any of the allegations of the complaint, but alleges facts tending to show a special property in such horse in defendant, and a right to the possession thereof by virtue of a chattel mortgage executed and delivered to defendant by one Lasen, a former owner of said horse, and defendant

prays judgment for a return of the property or for its value in case a return cannot be had, and for damages. The chief issue was whether plaintiff in purchasing the horse from Lasen was chargeable with actual or constructive notice of such chattel mortgage; the execution of said instrument not having been acknowledged or witnessed by two witnesses as required by law to entitle it to be filed, although the same was, in fact, filed in the office of the register of deeds of the county. The case was tried in the district court of Ransom county to a jury, and a verdict returned in plaintiff's favor upon all the issues. Motions for judgment notwithstanding the verdict, and for a new trial were made and denied, and judgment rendered pursuant to the verdict, from which this appeal is prosecuted. Appellant's counsel have assigned eighteen alleged errors upon which they rely for a reversal of the judgment. These will be disposed of in the order presented.

The first assignment is predicated upon the court's refusal to grant defendant's motion made at the close of plaintiff's case for judgment in his favor. Treating this as a motion for a directed verdict, for which no doubt it was intended, we are unable to uphold appellant's contention. Without passing upon the merits of such ruling, it is sufficient to say, conceding such ruling to be error, it was waived by defendant's conduct in subsequently introducing testimony in support of his defense. This is well settled. 6 Enc. Pl. & Pr. 700, and cases cited; Union Pac. R. R. v. Mertes, 35 Neb. 204, 52 N. W. 1099.

The next two assignments relate to the rulings of the trial court in denying defendant's motion for a directed verdict, made at the close of all the evidence, and also in denying his motion for judgment notwithstanding the verdict. We think these motions were properly denied. The motion for a directed verdict was based upon the same grounds which were urged in the motion for judgment at the close of plaintiff's case, which were an alleged failure to prove ownership or right to possession of the horse, and also a failure to prove a demand prior to the commencement of the action. Plaintiff's ownership of the horse was alleged in the complaint, and not denied in the answer. Her right to the possession, which was the principal issue in the case, depended wholly upon the validity of defendant's chattel mortgage as against her, and this, in turn, depended upon the question regarding which there was a conflict in the testimony, whether plaintiff had notice

of the existence of such mortgage at the time she purchased said animal. Proof of a demand prior to the commencement of the action was clearly waived by the defendant's answer, from which it is apparent that a demand would have been useless. The motion for judgment notwithstanding the verdict was based upon the same grounds as the motion for a directed verdict, and also upon the grounds, as stated in the motion, "that the verdict is contrary to law and the evidence, and, further, that the court erred in its instructions to the jury, and * * * for errors of law occurring at the trial;" also, for the reason as stated that "plaintiff has failed to show that at the time of the commencement of this action she was entitled to the possession of said property as against the defendant." We are entirely satisfied that this latter motion was properly denied. The grounds urged in favor of this motion, in addition to those urged in favor of the preceding motion, were manifestly inadequate to support a ruling in defendant's favor. No specifications were embraced in the motion showing wherein the verdict was contrary to law or to the evidence, nor were any errors in the instructions to the jury or errors occurring at the trial in any manner pointed out by counsel or called to the attention of the court, and, furthermore, such errors do not constitute a ground for such a motion. In so far as these motions were based upon the ground of plaintiff's failure to show any right to the possession of the horse at the time of the commencement of the action, we reiterate, in effect, what we have already stated, that this question depended upon whether plaintiff had notice of the chattel mortgage at the time she purchased said horse, which is a matter over which there is a serious conflict in the testimony, and hence was necessarily a question for the jury.

Appellant's assignments numbered 4 and 5 are predicated upon the trial court's refusal to give certain instructions relative to what constituted notice to plaintiff of the chattel mortgage in question. While these requested instructions were correct as an abstract proposition of law, they were properly denied, for the very obvious reason that there was no basis in the testimony for such instructions. The only competent testimony in the record, so far as we are able to discover, relating to such notice, is that furnished by the witness Lasen and the plaintiff; the former testifying positively to the giving of such notice and the latter as positively denying such

fact. The instructions given by the lower court upon this feature of the case were eminently fair, full and complete, and leave no legitimate ground for complaint.

Assignments numbered 6 and 7 also pertain to certain instructions given to the jury. We have carefully considered such instructions, and are convinced that these assignments are without merit. The instructions here complained of, while somewhat faulty in expressing the law with the utmost clearness, embraced, we think, a sound and correct statement of the rule involved, and in no way were misleading to the jury. In our opinion no useful purpose would be subserved by a more specific treatment of these assignments. Suffice it to say that these instructions were substantially correct, and that the giving of the same did not constitute reversible error.

Assignment No. 8 is based upon the theory that the trial court committed error in charging the jury as to the burden of proof. Two answers may be made to appellant's contention in this respect: First. No sufficient foundation was laid for such assignment by a proper exception to the instruction complained of. The exception is too general, relating, as it does, to three distinct and separate paragraphs of the instructions relative to as many or more different subjects. Failure to specify the particular portion of the charge claimed as error, the exception is bad. State v. Campbell, 7 N. D. 58, 72 N. W. 935; Kennedy v. Falde, 4 Dak. 319, 29 N. W. 667; Calkins v. Seabury Co., 5 S. D. 299, 58 N. W. 797; Bouck v. Enos, 61 Wis. 660, 21 N. W. 825. Second. Under the issues framed by the pleadings, the instruction as to the burden of proof was correct. As before stated, the answer contained neither a general nor specific denial of the allegations of the complaint, but simply alleged facts tending to establish in defendant a special property in and right to possession of the horse by virtue of a chattel mortgage. These allegations constituted new matter, and cast the burden upon defendant to prove the same. I Enc. Pl. & Pr. 850, and cases cited; Wells on Replevin, section 697; Pomeroy on Remedies and Rem. Rights, section 703; Guille v. Fook, 13 Or. 577, 11 Pac. 277; First National Bank v. Parkhurst, 54 Kan. 155, 37 Pac. 1001; 3 Elliott on Ev., section 2607. Appellant's counsel cite and rely upon Chas. Dodd & Co. v. Smithson, 27 Wash. 89, 67 Pac. 352, but in that case there was a denial as well as a special defense pleaded in the answer. This case is therefore not in point.

The next assignment is predicated upon that portion of the charge to the jury relating to notice on plaintiff's part of the chattel mortgage in question. What we said regarding the assignment numbered 6 applies also to this assignment. The chattel mortgage, not having been acknowledged or witnessed according to law was not entitled to be filed (Rev. Codes 1905, section 6187), and hence the filing of the same did not operate to give constructive notice thereof (Keith v. Haggart, 2 N. D. 18, 48 N. W. 432; J. I. Case Threshing Mach. Co. v. Olson, 10 N. D. 171, 86 N. W. 718). We think the instruction complained of, when considered in connection with the other instructions, is not open to the criticism made against it; at least in view of the state of the proof, the giving of the same cannot be said to have constituted prejudicial error.

The next five assignments relate to rulings permitting plaintiff to testify in rebuttal to certain facts tending to show a want of notice on her part of the mortgage in question, and which it is contended was only proper in her case in chief. These assignments are wholly devoid of merit. Even if such testimony was proper only as a part of the plaintiff's case in chief, which we do not concede, still it was not an abuse of discretion to permit its introduction by way of rebuttal. Madson v. Rutten (N. D.) 113 N. W. 872; State v. Werner, (N. D.), 112 N. W. 60.

On cross-examination of plaintiff in rebuttal, defendant's counsel asked her the following question: "You know, as a matter of fact, that Lasen was hard up for money?" This was objected to, and the objection sustained, and such ruling constitutes the basis of appellant's next assignment of error. There was no error in such ruling. The answer to the question could have shed no light whatsoever upon the issue being tried as to whether plaintiff purchased the horse in dispute in good faith and without notice, actual or constructive, of the existence of such mortgage. The fact, if it be a fact, that Lasen "was hard up for money," would constitute no evidence that he was dishonest or would be liable to commit a crime by selling mortgaged property.

Appellant complains, also, of the ruling of the court in sustaining plaintiff's objection to the offer in evidence of Exhibit D. This ruling was clearly correct. The exhibit consisted of a certificate by the register of deeds of the filing in his office of the chattel mortgage in question. The fact that such mortgage was filed as the certificate states could not possibly have had any relevancy to the

issues on trial. It not being entitled to be placed of record, its filing imparted no notice whatever. Plaintiff did not search the records, and was not bound to do so; hence it is immaterial that plaintiff might have acquired knowledge of such mortgage if she had in fact made such search.

The remaining assignments of error are not argued in the brief, and they relate to the sufficiency of the evidence to support the verdict, which question we have already sufficiently considered; hence it is unnecessary to notice these assignments further. We are convinced that appellant had a fair trial, and that justice has been meted out to him.

Finding no prejudicial error in the record it is ordered that the judgment appealed from be affirmed, with costs to respondent. All concur.