GRANDIN INVESTMENT COMPANY, a Corporation, Plaintiff and Appellant, v. NICHOLAS HARTUNG and T. N. Hartung, Defendants and Respondents.

(191 N. W. 783.)

**Disposition of case.**
    For errors of law the judgment is reversed and a new trial granted.

Opinion filed November 23, 1922.   Rehearing denied December 30, 1922.

Contracts, 13 C. J. § 394 p. 453 n. 69; § 395 p. 454 n. 79, 80.   Trial, 38 Cyc. p. 1615 n. 21.

Appeal from the District Court of Stark County, *Berry, J.*
Reversed and new trial granted.
*J. W. Sturgeon,* for appellant.
A general allegation that the consideration was illegal or insufficient in law, or the like is bad, as being a mere conclusion of law.   8 C. J. 922, 1207 and cases cited.

And in many cases decided under American statutes requiring the facts constituting the cause of action or defense to be pleaded, it has been decided that evidence tending to show the illegality of the contract in suit cannot be given under a general denial or the general issue, if the contract is valid on its face, but the defense must be specially pleaded.   13 C. J. 742, 890, 891; Frankel v. Geo. M. Hillier, 16 N. D. 387.

"Where an averment that the note was based on a 'gambling transaction' by defendant in cotton futures, was held to be a mere statement of a legal conclusion."   Key v. Hickman, 149 S. W. 275.

Thus a plea averring that the several causes of action, if any there were, or still are, did not accrue is bad for not giving color; and so also is a plea referring to the cause of action alleged as the "said supposed

debt, if any such there be;" but a plea merely using the term "supposed" in reference to the causes of action alleged, is good. 31 Cyc. 216 (b).

Matters in avoidance should consist of facts, not legal conclusions nor matters of evidence. 31 Cyc. 217 (c).

"It is no defense to certain notes that they were executed to save the maker from prosecution for receiving stolen goods, where there was neither allegation nor proof that at the time the notes were given any criminal prosecution was pending against him, or that he was in fact guilty of any criminal offense." Fred Rueping Leather Co. v. Watke (Wis.) 116 N. W. 174.

"So also, where a witness testified that certain language was used by another person, such person may be called and asked if he used that identical language, and he is not simply to be required of as to what he did say." 40 Cyc. 2775.

*Simpson & Mackoff,* for respondent.

"The evidence is sufficient to establish that the contract was given to compound a crime; in other words, that the consideration for the agreement and promise of the defendant was that C. D. Miller should not be prosecuted for embezzlement of plaintiff's money. This contract is against public policy, and is illegal and void." McCormick Harvesting Mach. Co. v. Miller (Neb.) 74 N. W. 1061; Rosenbaum Bros. v. Levitt, 80 N. W. 393.

"An agreement or understanding not to prosecute need not be the sole consideration for the note, and it was not incumbent upon defendants to show that plaintiff's agent intended to enter into such a contract. It was sufficient if, in the language of the statute, the note was taken upon an agreement or understanding, express or implied, to compound or conceal the offense or not to prosecute the same."

"Although the contract may have been based in part upon other valuable considerations, still, if there was such an agreement or understanding as the law forbids, combined and co-operating with that consideration and operating as a part of the inducement for the giving of the note, then the instrument is illegal and cannot be enforced." Baird v. Bochner (Iowa) 42 N. W. 454; Peed v. McKee, 42 Iowa, 689; Henry v. State Bank, (Iowa), 107 N. W. 1034.

"In order to avoid the payment of a note executed under threats to

prosecute a son for felony, *where no indictment has been returned or no prosecution is pending,* it is not incumbent upon the maker of the note to show that a felony had in fact been committed." Pendleton v. Greever (Okla.) 17 A.L.R. 317.

"Where a note is procured from a father under threats to prosecute his son for a felony, and a promise by the debtor that the son would not be prosecuted if the father would execute the note with another as surety, the defense of the illegality of the consideration is equally available to the surety."

"It is the practice, which generally prevails, to ask the impeaching witness the direct question in leading form, whether the other witness used the language attributed to him." Jones, Ev. 1078, note 16.

"It is not necessary, in laying the foundation, to give the exact language of the alleged statement, the substance is sufficient." Jones, Ev. 1078, note 12.

This court had held that threats of prosecution is no defense to notes given as in this case. Threats of prosecution is no defense unless the crime is confessed or prosecution started before the giving of the notes. 26 L.R.A. 48 and note; 59 N. W. 564; 47 N. W. 946, 31 N. D. 240 and cases cited.

"It is no defense to certain notes that they were executed to save the maker from prosecution for receiving stolen goods, where there was neither allegation nor proof that at the time the notes were given any criminal prosecution was pending against him, or that he was in fact guilty of any criminal offense." Fred Rueping Leather Co. v. Watke (Wis.) 116 N. W. 174.

ROBINSON, J. The plaintiff appeals from a judgment of dismissal. The suit is on two promissory notes made by the defendants to the plaintiff on June 4, 1918 for the sum of $3,500. The defense is that the notes were given to compound a felony. The defendants are brothers. They had been doing business at Dickinson as partners under the firm name of Hartung Real Estate & Loan Company. T. N. Hartung was the sheriff of Stark county. Nicholas Hartung had sold the plaintiff the note and mortgage for $3,500 cash. It being conceded that the notes and mortgage were forged, Nicholas Hartung was requested to refund the money or to give other security. He had a good

growing crop and was considered responsible. Without any question or unpleasantness he offered to give notes with the signature of his brother, who was responsible. The offer was accepted and the notes in suit were made to the plaintiff.

The appellant assigns errors on the rejection of evidence, the instructions of the court and the insufficiency of the answer.

(1) The answer does not state a defense because it does not show the commission of a crime or an agreement to compound a crime. The answer is, in effect, that if the notes were given at all, they were given to compound a felony and upon the agreement or understanding to conceal the offense of forgery, alleged by the plaintiff to have been committed by Nicholas Hartung, which forgery was alleged to be of a note and mortgage for the sum of $3,500. The answer neither shows the commission of a crime nor an agreement to compound a crime. It does not show any defense.

(2) Error is assigned on the charge of the judge. He repeatedly charged that an agreement to compound the crime might be either express or implied from the facts and circumstances. There was cogent, forcible and preponderating evidence that not a word was said about a crime or the compounding of a crime. Yet the court elaborated on an implied agreement which might be inferred from the mere giving of the promissory notes in question without a word being said concerning any crime. Clearly the charge was erroneous and the judgment must be reversed and a new trial granted.

BIRDZELL, Ch. J., and GRACE, J., concur.

BRONSON, J., concurs in result.

CHRISTIANSON, J. (concurring specially). In this state the legislature has spoken as follows as regards the compounding of crimes and the compounding of prosecution:—

"*Compounding crimes.* Every person who, having knowledge of the actual commission of a crime or violation of statute, takes any money or property of another or any gratuity or reward, or any engagement or promise therefor, upon any agreement or understanding, express or implied, to compound or conceal such crime or violation of statute,

or to abstain from any prosecution therefor, or to withhold any evidence thereof, is punishable, etc." Comp. Laws, 1913, § 9401.

"*Compounding prosecution.* Every person who takes any money or property of another or any gratuity or reward, or any engagement or promise therefor, upon any agreement or understanding, express or implied, to compound, discontinue or delay any prosecution then pending for any crime or violation of statute, or to withhold any evidence in aid thereof, is guilty of a misdemeanor." Comp. Laws, 1913, § 9402.

In this case there is no contention that a prosecution had been commenced. In other words, there is no contention that a prosecution was compounded; but the contention is that a felony was compounded and that the notes in suit are void because they were given upon an agreement to compound a felony. The statute relating to the compounding of crimes by its express terms applies only to a person "who having knowledge of the *actual commission* of crime or violation of statute, takes any money or property of another, or any gratuity or reward, or any engagement or promise therefor, upon any agreement or understanding, express or implied, to compound, discontinue, or delay any prosecution then pending for any crime or violation of statute or to withhold any evidence in aid thereof." Manifestly, a transaction is not within the inhibition of this statute unless it is shown that a crime has actually been committed. It will be noted that the statute draws a clear distinction between the compounding of a crime and the compounding of a prosecution. The statute defining the compounding of crimes makes knowledge of the *actual commission* of crime an essential ingredient of the offense defined. This is not true, however, of the statute relating to compounding a prosecution. That statute is violated by any person who commits any of the proscribed acts with respect to a pending criminal prosecution, without regard to whether a crime has or has not, in fact, been committed. The reason for the distinction drawn between the two classes of cases is generally recognized in civil as well as in criminal cases. Corpus Juris (13 C. J. pp. 453–454) in dealing with this subject says:

"To render an agreement illegal as an agreement to compound a crime, it is essential that there shall be an agreement not to prosecute, although the agreement may be either express or implied. The law does not prevent one whose property has been stolen or whose rights

have been interfered with through the commission of a crime to compromise with the wrongdoer, if it is not agreed either expressly or impliedly that the prosecution for the offense shall be suppressed or stayed. Illustrations of this rule are agreements by which security is given for the value of property stolen or embezzled. Even a promise not to prosecute is not illegal, where it is made, not for the sake of gain but from motives of kindness and compassion or on account of relationship. And mere threats to prosecute, while they may amount to duress or undue influence, so as to render a promise voidable, will not avoid an agreement made by a defaulter for the purpose of making reparation to the person injured by his misdoing, if there is no agreement not to prosecute.

"In this connection a distinction is made between a criminal prosecution actually pending and a charge or suspicion of crime where no criminal proceedings have yet been commenced. If a criminal prosecution is in fact pending at the time, either by the finding of an indictment or otherwise, then the public interest in the prosecution of the actual pending charge is of such a nature as to avoid any security for a debt given on an agreement for the stifling of the pending prosecution, even though the debt thus secured was due. But where no criminal proceedings are pending, the actual commission of the crime alleged to have been compounded is one of the facts at issue in the case, and necessary to be alleged and satisfactorily proved in order to make out the defense of illegality. The reason is that if no criminal charge is actually pending for trial or prosecution, the public interest is, not that there should be a charge in any event, but only in case a crime has been actually committed; and proof, therefore, that the crime has been committed lies at the basis of the charge of illegality. This distinction, however, is not observed in all of the cases, and the broad general rule has been stated that a contract cannot be void as compounding a felony, where no felony has in fact been committed." 13 C. J. pp. 453, 454.

In this case the answer did not allege nor did the proof show that any crime had been committed. The answer merely alleged, and the evidence adduced merely tended to show, that the plaintiff claimed that a crime had been committed. Hence, the verdict returned in this case has no support either in the pleadings or in the evidence.