In a petition for rehearing appellant alleges that this decision fails to "distinguish between the insufficiency of the evidence to support the verdict or judgment on the one hand and insufficiency of the evidence to support instructions of the court upon the other," claiming the court has overlooked the statute and former decisions of this court. The specific section of the statute to which our attention is called is § 7656 and decisions cited are Pease v. Magill, 17 N.D. 166, 115 N.W. 260; Grandin Invest Co. v. Hartung, 49 N.D. 364, 191 N.W. 783; Foster v. Dwire, 51 N.D. 581, ___ A.L.R. ___, 199 N.W. 1017; Schwabel v. First Nat. Bank, 53 N.D. 904, 208 N.W. 236. Appellant attempts to distinguish between the insufficiency of the evidence to support the verdict or judgment and the insufficiency of the evidence to support the instructions of the court. This court has repeatedly *Page 870 
held that instructions to the jury in matters which are not in issue before them and are not submitted to them is reversible error, when such unwarranted instructions are calculated to mislead the jury and cause the jury to speculate as to the existence of facts which have no substantial support in the testimony. Appellant claims that this is the situation here. But he is not in position to raise the question. All of the instructions claimed are well within the issues raised by the pleadings and as we do not have the evidence before us, and cannot have the evidence before us under the appeal, there is no way for this court to say that matters in issue as raised by the pleadings are not in issue before the jury. It is true many matters which are in issue on pleadings may have been admitted at the trial or may have had no substantial support in the testimony, or may have been so proved as to be eliminated. Not having the evidence before us we cannot tell. An examination of the decision in the cases cited shows that in all of these cases with the exception of Grandin Invest Co. v. Hartung, 49 N.D. 364, 191 N.W. 783, the question of the insufficiency of the evidence to support the verdict was raised in the lower court on the appeal by proper motions and the evidence was before this court. In the case of Grandin Invest. Co. v. Hartung, supra, while the decision does not show it, the record shows that the insufficiency of the evidence was properly raised and the evidence examined. And examination of this point in Foster v. Dwire, 51 N.D. 581 shows at page 589, ___ A.L.R. ___,199 N.W. 1017, that the evidence was properly before the court. The other cases cited show by the cases themselves that the evidence was before the court. The decision of this court in this case shows what were the instructions objected to and it is clear that they relate to the matters of law which govern the issues as framed by the pleadings. The petition for rehearing is therefore denied.
CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur. *Page 871